ELISHA RUCKMAN, appellant,

*v.*

MARGARET RUCKMAN, respondent.

1. A bond and mortgage belonging to a husband were assigned by him to one S., and by S. immediately re-assigned to the wife; both assignments were duly acknowledged, and that to S. recorded, by the husband's direction, but the bond and mortgage and both assignments remained in the husband's possession, except once afterwards when the mortgage was delivered to the wife for a temporary purpose and then returned by her to her husband. There was no consideration for the transfer—*Held*, that as there was no delivery of the bond and mortgage and assignment to the wife, the title thereto never passed to or vested in her.

Ruckman *v.* Ruckman.

2. Costs of printing a volume of three hundred pages of testimony, nine-tenths of which consisted of matters entirely irrelevant to the issue, not allowed to either party as against the other.

On appeal from a decree of the vice-chancellor, reported in *Ruckman* v. *Ruckman, 5 Stew. Eq. 259.*

*Mr. John W. Taylor,* for appellant.

Upon the evidence there arises the question of law, *whether there was a sufficient delivery to make the assignments effectual, and vest the title to the mortgage in Mrs. Ruckman. Com. Dig., Fait A 3, A 4; Coke Lit. 36 a; Shep. Touch. 58; 3 Wash. R. P., (4th Ed.) 578; Folly* v. *Vantuyl, 4 Hal. 153; Cannon* v. *Cannon, 11 C. E. Gr. 316; Church* v. *Muir, 4 Vr. 319; Bump on Fraud. Conv., (2d Ed.) 447.*

*Mr. R. Allen, jun.,* for appellant, cited—

*Ward* v. *Andlum, 8 Beav. 201; Silmon* v. *Wilson, 3 Edw. 36; Scoville* v. *Post, 3 Edw. 203; Wheeler* v. *Kirtland, 8 C. E. Gr. 13; Skillman* v. *Skillman, 2 Beas. 403; Jackson* v. *Malsdorf, 11 Johns. 107; Finch* v. *Finch, 15 Vesey 44; Ambrose* v. *Ambrose, 1 P. Wms. 322; Gascoigne* v. *Throing, 2 Vern. 366; Garfield* v. *Hartmaker, 15 N. Y. 475, 10 Paige 567; Dilts* v. *Stevenson, 2 C. E. Gr. 413; 3 Johns. Ch. 383, 521; 3 Ves. 361; 1 Jacobs 126; Fulton* v. *Fulton, 48 Barb. 583; Shirttoff* v. *Francis, 118 Mass. 154; Noble* v. *Smith, 2 Johns. 53-56; Smith* v. *Smith, 2 Strange 940, 956; Delmotte* v. *Taylor, 5 Bradf. 417; Tait* v. *Helbert, 2 Ves. 112.*

*Mr. Jacob Weart* and *Mr. I. W. Scudder,* for respondent.

A gift can be made in two ways—by parol, ör by deed in writing. The donee must be put in possession of the property actually or constructively.

Possession is given in two ways—of goods and chattels by actual or constructive delivery.

Of choses in action by an assignment in writing, or by a parol assignment and actual delivery. *Betts* v. *Francis, 1 Vr. 152; Dilts* v. *Stevenson, 2 C. E. Gr. 407; 2 Kent's Comm. 439.*

A bond and mortgage is a chose in action, and may be assigned in equity by a mere delivery. *Galway* v. *Fullerton, 2 C. E. Gr. 389; Bower* v. *Hadden, 3 Stew. Eq. 173; Denton* v. *Cole, 3 Stew. Eq. 246; Hughes* v. *Nelson, 2 Stew. Eq. 549.*

If the bond and mortgage was assigned to defraud creditors, the assignment will be set aside as to creditors, but is good between the parties. *Tantum* v. *Miller, 3 Stock. 551; Cutler* v. *Tuttle, 4 C. E. Gr. 562; Sayre* v. *Fredericks, 1 C. E. Gr. 205; 1 Story's Eq. Jur.* § *372.*

Where a party makes a transfer of property for the purpose of committing a fraud, the law will not give him any aid to recover the same back. *Tantum* v. *Miller, 3 Stock. 551; 1 Story's Eq. Jur.* § *298; Ruckman* v. *Ruckman, 5 Stew. Eq. 259; Cutler* v. *Tuttle, 4 C. E. Gr. 562; Baldwin* v. *Campfield, 4 Hal. Ch. 891; Crawford* v. *Bertholf, Sax. 458; Folly* v. *Vantuyl, 4 Hal. 153; Farlee* v. *Farlee, 1 Zab. 285; Cannon* v. *Cannon, 11 C. E. Gr. 316; Dilts* v. *Stevenson, 2 C. E. Gr. 413; Irons* v. *Smallpeace, 2 B. & Ad. 551; 2 Spenc. Eq. Jur. 907; London and Brighton Railway Co.* v. *Fairclough, 2 Mann. & Gr. 691; Westerlo* v. *De Witt, 36 N. Y. 345; Hackley* v. *Vrooman, 62 Barb. 670; Wallingsford* v. *Allen, 10 Pet. 549; Lucas* v. *Lucas, 1 Atk. 270; Martin* v. *Funk, 75 N. Y. 134; Sowerbye* v. *Arden, 1 Johns. Ch. 256, 258; Minor* v. *Rogers, 40 Conn. 512; Richardson* v. *Richardson, L. R. (3 Eq.) 691; Morgan* v. *Malleson, L. R. (10 Eq.) 475; Wilson* v. *Hill, 2 Beas. 143; Black* v. *Black, 3 Stew. Eq. 227; Van Winkle* v. *Belleville Mutual Ins. Co., 1 Beas. 335.*

The opinion of the court was delivered by

GREEN, J.

This is a controversy between husband and wife, respecting the title to a bond and mortgage originally made to the husband, and alleged to have been assigned to the wife. It is in

form a foreclosure suit brought by the wife, now living apart from her husband, against the owners of the mortgaged premises. The bill sets out the bond and mortgage, and alleges that the husband by writing, under his hand and seal, assigned the same to one Richard L. Simonson; and that Simonson immediately assigned the same to the wife; that both assignments were duly acknowledged, and the one from the husband to Simonson was afterwards placed on record by the husband's direction. By virtue of the assignments, the wife, in her bill, claims title to the bond and mortgage as a gift from the husband.

The bill does not aver that the assignments, or either of them, were ever delivered either to Simonson or to the wife, but expressly charges that the bond, mortgage and assignments remained in the possession of Ruckman, as the husband and agent of the wife. The prayer is, that the husband may be decreed to deliver the securities and assignments to the complainant, and for a foreclosure and sale of the mortgaged premises.

The husband, who was made a party defendant, answered the bill. He admits the formal execution of the papers, but avers that the same never passed out of his hands or from under his control, and that no delivery thereof was ever made, either to Simonson or to the wife. He denies that she ever had possession of the assignments, or of the bond and mortgage, by virtue of any delivery, absolute or constructive, or that he ever held the same or any of them, as the agent of the wife or in trust for her.

The decree below was in favor of Mrs. Ruckman, in accordance with the prayer of her bill, and the case is now brought to this court for review.

The whole contest is between the husband and wife as to her title to the bond and mortgage. The owners of the equity of redemption make no defence. Ruckman is not asking relief. We are not called upon either to affirm his title or to declare the transfer fraudulent and void, as against his judgment and attaching creditors who were made parties to the bill. All these matters, though discussed on the hearing, may, for the purposes of this case, be safely laid out of view.

To maintain her action it is necessary for the respondent to establish her title to the securities in question. The burden is on her. In her bill she claims title by virtue of the deeds of assignment, and charges that the transfer from Ruckman to her was good as a gift. The two assignments were executed simultaneously. They constitute but one transaction. Simonson was called in by Ruckman merely to act as a medium or instrument for passing the title. No delivery of either assignment was made to or by him. He merely affixed his name to an instrument prepared by Ruckman's direction without reading it or knowing the subject matter of the transfer. No title vested in him. He disclaims all interest under the assignment made by Ruckman. Nor was it the intention of Ruckman to vest any interest in Simonson, but merely to use him as a medium for passing the title to the wife, should it become advisable to make the transfer. The two assignments may be considered as one instrument designed for passing title from the husband to the wife. Upon delivery to her, both would take effect as one deed.

The formal execution of the assignments by signing, sealing and acknowledging is admitted, but their delivery to the respondent is denied. This is the real issue in the cause. The transfer was purely voluntary and without consideration either valuable or meritorious. It does not fall within the line of cases where effect has sometimes been given by courts of equity to certain deeds, such as declarations of trust and family settlements, though retained in the custody of the grantor and never delivered during his life. It is subject to the universal rule upon which all the books agree, that delivery is one of the essential requisites to the validity of a deed.

Was a sufficient delivery of the assignments made to the respondent to vest the title to the mortgage in her? The essence of the delivery consists in the intent of the grantor to perfect the instrument, and to make it at once the absolute property of the grantee, and his acts and declarations are the evidence of such intent. If both parties be present, and the usual formalities of execution take place, and the contract is to all appearance con-

Ruckman *v.* Ruckman.

summated without any conditions or qualifications annexed, it is a complete and valid deed, notwithstanding it be left in the custody of the grantor. But where there is not an actual transfer of the deed, it must satisfactorily appear either from the circumstances of the transaction, or the acts or words of the grantor, that it was his intention to part with the deed and put the title in the grantee. *Folly* v. *Vantuyl, 4 Hal. 153; Farlee* v. *Farlee, 1 Zab. 279, 286; Crawford* v. *Bertholf, Sax. 458; Cannon* v. *Cannon, 11 C. E. Gr. 316; 4 Kent's Comm. 456; 3 Wash. R. P. 581.*

In this case, there is no evidence that either of the assignments was ever delivered to the respondent. She was not present at their execution. They never came into her hands. She never heard of the transfer for more than six months afterward. No one was present when the papers were executed but Ruckman, Simonson and the attorney who prepared them, and possibly one of his clerks. So far as appears by the evidence, not an act was done or word said by the appellant evincing any intent on his part to perfect the instrument, and to part with its possession or his control over it. On the contrary, he directed the attorney to send the assignment from Ruckman to Simonson to the clerk's office for record; and the one to the respondent he placed with the bond among his papers in the bank, where it remained, according to Ruckman's account, until he destroyed it. The assignment was not made in pursuance of any contract or arrangement with the respondent, and no presumption arises from the mere fact that it was acknowledged, so long as it remained in the possession and under the control of the grantor. Even if it was the intent of Ruckman at the time of the execution of the papers to perfect the gift by delivery, still it was revocable until carried into effect. A mere intention or promise to give, without some act to pass the property, is not a gift. There exists the *locus penitentiæ* so long as the gift is incomplete and left imperfect. *2 Kent's Comm. 438.*

In *Pringle* v. *Pringle, 59 Pa. St. 281,* the same principle was involved as in this case. The question arose upon the assignment of a promissory note. Mr. Justice Sharswood, in his opinion, says:

Ruckman *v.* Ruckman.

"The transfer of a chose in action, whether by instrument under seal or not, unless founded on a sale for valuable consideration, is not complete and executed until delivery to the assignee. In a gift of a chattel, actual delivery is essential. Until delivery, the gift is revocable by the donor. So, where there is a gift of a security or chose in action, and the donor executes an assignment, under seal or otherwise, and retains the paper in his own possession, he retains, at the same time, entire control over the gift. He may cancel or destroy the transfer. But it is urged that a seal imports consideration, and the transfer, on its face, purports to be for a valuable consideration, but the seal produces no effect until the instrument becomes the deed of the party by delivery, or what, in law, is equivalent thereto. Until then, the instrument, though signed and sealed, is still an unexecuted transfer in the eye of the law."

But it was urged at the hearing, though not expressly stated in the bill, that even if the title under the assignments failed, still that the respondent claimed by a parol gift and delivery of the mortgage itself. It appears, by the evidence, that for some reason the appellant deemed it important to make a demand on the mortgagor for the balance due on the mortgage, and desired not to make it in his own name. He told his wife he wanted her to make the demand. He handed the mortgage to her, and told her what to say. They went together to Nyack in a wagon, and she made the demand in his presence and in accordance with his directions, having the mortgage in her hands, and, in the presence of the mortgagor, claiming it as hers. She carried it home again, and, by her husband's instructions, put it in his private box where he kept his papers.

The circumstances, as detailed by the respondent, are not evidence of the delivery of the mortgage as a gift to the wife. It was not placed in her hands with the intention and for the purpose of transferring the title to her, but for an entirely different purpose, as expressed by the appellant at the time. All the time the mortgage was in her possession she was in her husband's presence and under his control. She was his mouth-piece, repeating his words; his agent, acting by his direction. Not one act did she perform, not one word did she say, of her own volition. When they returned home she restored the mortgage to his custody, and never afterwards had it in her hands. She did not claim it as her property until after their separation.

The title of the respondents has never been perfected by a de-

Ruckman v. Ruckman.

livery, either of the assignments or of the mortgage itself, and for this reason she must fail in her action, both against the appellant and the owners of the equity of redemption.   It is a well-settled rule that courts of equity will lend no assistance towards perfecting a mere voluntary contract while it remains *in fieri*. They will only enforce gifts and assignments *inter vivos* when the gift or assignment is perfected and complete.   If anything further remains to be done to complete the title of the donee, courts of equity, treating the donee as a mere volunteer, will not aid him to carry it into effect.   *1 Story's Eq. Jur.* § *706, and cases cited.*

Before disposing of the question of costs, the court desires to call attention to the amount and nature of the testimony taken in the cause.   The printed book contains nearly three hundred pages of evidence, not one-tenth of which has any direct bearing upon the real issue between the parties.   The remainder consists mainly of inquiries into the private affairs, social status, domestic relations, and general moral or immoral character of the parties —all of it totally irrelevant, and much of it disgusting in its details.   The taking of such testimony is an onerous tax upon litigants, and the reading of it an imposition on the court.   No costs therefor will be allowed either party as against the other.

The decree should be reversed, and the complainant's bill dismissed, but without costs, either in this court or in the court below, as between the parties to this appeal.   The respondent's title to the bond and mortgage having entirely failed, the bill should be dismissed as to the other defendants, but no appeal having been taken on their behalf, they must seek relief in the court of chancery, and apply for the dismissal there.

For reversal—BEASLEY, C. J., DEPUE, KNAPP, SCUDDER, VAN SYCKEL, CLEMENT, COLE, DODD, GREEN—9.

For affirmance—MAGIE, REED—2.