Isador Meyers while ill, and about to undergo a serious surgical operation, signed and acknowledged a deed assigning to his fifteen-year-old son his two-third interest in a bond and mortgage, and, retaining the bond and mortgage, left the deed of assignment with the lawyer, who had just drawn it, with instructions to put it on record if anything happened to him. He had informed the lawyer of his illness and impending operation, and he died following the operation. The administratrix of the deceased attacks the assignment on the ground that there was no complete gift, in that there was no delivery of the subject-matter, and that the assignment was testamentary in character and invalid for non-compliance with the statute of wills.
The gift is typically causa mortis. The legal requirements of this form of gift are the same as a gift inter vivos. The two are alike in composition and legal effect, differing only in their consummation. Both are between living persons; the former is made under apprehension of death, the latter is not, and while both gifts must be presently operative, causa mortis is conditional, inter vivos is absolute. A more nearly accurate statement, perhaps, would be, that in both classes the donee must be completely vested of the title, the gift causa mortis being subject to divestment by the donor revoking it in his lifetime, or automatically if he escapes the peril. It is, of course, essential to the validity of a gift of personal property that the donor deliver the subject-matter to the donee with intent to make a gift and part with all dominion and control over it. The delivery is good if made to another for the donee. The gift is valid if made by deed and the deed be delivered with donative intent, though the subject does not accompany the deed. The delivery of the deed is equivalent to a delivery of the subject. It has been held that a deed, delivered, operates as an estoppel, because of our ancient reverence for sealed instruments, but the weight of authority is that the delivery of the deed is an effective symbolical delivery of the thing given. For instructive discussion of gifts causa mortis see Baskett v. Hassell, *Page 562 107 U.S. 602, and Emery v. Clough, 63 N.H. 552, and the authorities sustaining the foregoing fundamental propositions collected in 21 L.R.A. 694; Dilts v. Stevenson, 17 N.J. Eq. 407; Ruckman v. Ruckman, 33 N.J. Eq. 354.
It is not questioned that the deceased executed the deed of assignment and left it with the lawyer with donative intent, but it is contended that he did not deliver it to him for his son, intending to then strip himself of all ownership and control of his interest in the bond and mortgage, and that this is indicated by his retention of the bond and mortgage. The donor's mental attitude must be determined by his acts, of which we have a clear expression in the absolute and disposing language of the deed assigning the interest to the donee, and in putting it into effect by delivering it to the lawyer, without reservation or qualification, save the instructions, perfectly consistent with a gift causa mortis, to put on record if anything happened to him, meaning death. The fact that the donor had, or the supposition that he believed he retained the right to revoke the gift, are not incongruous. The right to revoke is a condition of a gift causa mortis. The direction to record the deed was the equivalent of a direction to deliver it to the donee, and the delivery of the deed to the lawyer for the purpose of a second delivery to the donee was in perfect harmony with the situation, for the son was an infant and the deed could not very well have been given to him to hold during the precarious period. The argument that the donor did not intend absolutely to deliver the deed as a then present gift, because he took away with him the bond and mortgage, reacts to the inference that if he did not intend the legal effect of the deed, delivered, he would have taken that too. No rational conclusion can be drawn from all the circumstances other than that the donor intended to make the deed presently operative subject to being defeated if death did not overtake him. Persuasive reasoning for sustaining the gift is to be found in the opinion of Vice-Chancellor Leaming in Rowley v.Bowyer, 75 N.J. Eq. 80, in which he upheld as legally delivered deeds executed by father to son, and left with the lawyer, who drew *Page 563 
them, with instructions to "deliver these to my son after my death." The learned vice-chancellor restated the true principle of gifts in respect of delivery, as again he did in Watson v.MaGill, 97 Atl. Rep. 43; affirmed, 85 N.J. Eq. 592, and pointed out that Slicher v. Keeler, 67 N.J. Eq. 635, affirmed the principle to which he adhered, but was decided on the finding of fact that the deed in that case was not delivered with intent to pass the title to the subject of the gift. Williams v. Guile,117 N.Y. 343, is very much like the present case. There the donor, aged and paralytic, executed an assignment of a life insurance policy and handed it with the policy to his attorney with directions to deliver it to the donee if anything happened to him. Judge Gray, upon principle and authority, upheld the transfer as a gift causa mortis. The delivery of the policy with the assignment, wherein the facts differ, was not dwelt upon as a factor.
The bill will be dismissed.