BETTY R. ALBURGER, EXECUTRIX OF THE ESTATE OF RALPH C. ALBURGER, DECEASED, AND BETTY R. ALBURGER IN HER OWN RIGHT, PLAINTIFF-APPELLANT, v. HELYN A. CRANE AND CHARLES FURBUSH MONTAGUE, Jr., DEFENDANTS-RESPONDENTS.

Argued November 6, 1950—Decided November 27, 1950.

Mr. *William C. Golshalk* argued the cause for the appellant.

Mr. *Edward T. Curry* argued the cause for the respondents (*Messrs. Curry & Purnell,* attorneys).

The opinion of the court was delivered by

OLIPHANT, J. This is an appeal taken to the Appellate Division, but certified here on our own motion, from a judgment of the Superior Court, Chancery Division, Camden County, with respect to the title of a one-half interest in property located in Camden County.

Plaintiff is the widow of Major Ralph C. Alburger who died March 8, 1945, a resident of Camden County. By the terms of his will she was named executrix and his chief beneficiary. The defendant Helyn A. Crane is Major Alburger's sister and co-executrix with him of the estate of their mother, Lena Alburger, who died March 11, 1940. The defendant Charles Furbush Montague, Jr., is the son of the defendant Helyn A. Crane. The plaintiff married Major Alburger in 1925 but separated from him in 1934.

Lena Alburger by her last will devised all her property, including the real estate here in question, to her two children, Major Alburger and the defendant Helyn A. Crane, share and share alike and appointed them executor and executrix respectively. The will specifically provided: "Said executor and executrix or the survivor of them, to have power to sell at public or private sale all or any part of any personal property or real estate in which I may have any interest, and to execute bills of sale, deed or deeds therefor, and to do all

other lawful things to carry out this my last will and testament and to serve without giving bond."

On several occasions Major Alburger, who was residing out of the State, wrote to the defendant expressing his desire to renounce any interest in the estate in order to prevent his wife from acquiring any right thereto and so that his sister and her son would have the sole title to the real estate in question. He renounced his executorship August 8, 1940.

Under date of August 28, 1940, the defendant, as executrix of her mother's estate, conveyed the premises to one Alfred W. Roberts, an admitted straw man, who, at the same time, reconveyed the premises to her as "trustee" for her son who was at that time a minor. The transfers were by ordinary bargain and sale deeds and the transactions were admittedly gratuitous, no monetary consideration passing.

A reconciliation between Major Alburger and his wife was effected in September, 1944, which continued until the time of his death.

This action was instituted by plaintiff as executrix of her husband's estate and in her own right for the purpose, *inter alia,* of having set aside the conveyance made by Helyn A. Crane to Roberts and by him back to her as "trustee" of the title to the one-half interest of the property which had been left to the defendant and the plaintiff's husband.

The court below refused to set aside the conveyances but ordered an accounting of the rents and profits of the property from the date of Major Alburger's death and held the lands in question subject to the plaintiff's dower interest. It is from the denial of her claim to any interest in the property other than dower that a reversal of the judgment below is sought.

The argument made by appellant is that the conveyances were legally invalid and void, and that the power of sale contained in the mother's will did not grant the power to convey by way of gift.

These conveyances were not void but voidable. An executor or trustee cannot directly or indirectly become a

purchaser at his own sale and the deed will be avoided at the instance of the *cestui que trust,* but if it is shown that the *cestui que trust* has acquiesced in the action, that he acted voluntarily and with full knowledge of all the circumstances, the conveyance is a valid one and the right to avoid it is lost. *Mulford v. Bowen, et al.,* 9 *N. J. Eq.* 797 (*E. & A.* 1852) ; *Marr v. Marr, et al.,* 73 *N. J. Eq.* 643 (*E. & A.* 1908). The rule as stated by Vice-Chancellor Leaming in *Swift v. Craighead,* 75 *N. J. Eq.* 102 (*Ch.* 1909) ; affirmed, 76 *Id.* 339 (*E. & A.* 1909), which we reaffirm, is that "where trust property has been acquired by a trustee through the medium of direct dealing with the *cestui que trust,* it is manifest that the right of the *cestui que trust* to avoid the contract should not be without limitation. While some courts have held such dealings to be contrary to public policy and voidable at the instance of the *cestui que trust,* the better and prevailing view appears to be that such dealings are presumed to be invalid, but will be supported if the trustee can establish that the *cestui que trust* acted voluntarily and with entire freedom from any influence arising by reason of the trust relationship, and with intelligent and full knowledge of all the circumstances."

 Major Alburger had full knowledge of the transaction. It was what he wanted done and he specifically approved it. In a proper case devisees or their heirs may attack a sale of realty made by an executor pursuant to a power of sale contained in a will. The general principles of estoppel, however, are applicable and since an unauthorized sale is merely voidable, it may be ratified. Such ratification may be affected by acquiescence, confirmation or by such conduct as amounts to consent or approval so as to work an estoppel. *Scott v. Gamble,* 9 *N. J. Eq.* 218 (*Ch.* 1852) ; *Voorhees v. Bailey,* 59 *N. J. Eq.* 292 (*Ch.* 1900) ; *Swift v. Craighead, supra.* It is clear that under the circumstances exhibited here Major Alburger would be estopped from attacking the conveyance.

That being so his wife, claiming through him, is likewise estopped. So far as she brings this action as his executrix she is bound by his act. *Stryker v. Sands,* 4 *N. J.* 182 (1950). In her individual capacity as devisee she can assert no right greater than he could have done were he still alive. Devisees are bound by an equitable estoppel existing against their ancestor. 31 *C. J. S.* (*Estoppel*), § 132, *p.* 399; *cf. Brown v. Fidelity Union Trust Co.,* 126 *N. J. Eq.* 406, 433 (*Ch.* 1939); *Schorr, etc., Inc., v. Jacob Ellis Realties, Inc.,* 131 *N. J. Eq.* 499 (*Ch.* 1942).

Plaintiff's other point on the appeal is that even if it was legally possible to effect a valid gift of the property to decedent's nephew, the evidence in the record does not sustain such a gift.

The essentials of a valid *inter vivos* gift are: (1) a donative intent on the part of the donor; (2) an actual delivery of the subject matter of the gift; and (3) the donor must relinquish all ownership and dominion over the subject matter, at least to the extent practical or possible, considering the nature of the thing given. *Bendix v. Hudson County National Bank,* 142 *N. J. Eq.* 487, 490 (*E. & A.* 1948).

This gift does not rest in parol as contended by the plaintiff but is supported by writings, viz.: the letters in evidence and the deeds themselves. There is little question as to the first element. The letters and the acquiescence of the plaintiff's husband disclose that he intended to relinquish all his interest in his mother's estate and to settle it in favor of his nephew, the defendant, Charles F. Montague, Jr. The testimony is that Major Alburger at the time the deeds were executed was estranged from his wife and did not want her to get "her claws on anything." It further appears that the nature of his occupation made a house of no use to him and that the deeds were drawn at his request. The execution and delivery of the deeds at the donor's direction satisfied the second requirement, *Meyers v. Meyers,* 99 *N. J. Eq.* 560 (*Ch.* 1926); *In re Koss,* 105 *Id.* 29, 34 (*Prerog.* 1929). As to the third element, the evidence fairly supports the inference

that the donor relinquished all control and any interest he had as beneficiary under his mother's will to the property in favor of the donee, his nephew Charles. These deeds were executed and delivered in 1940, five years before his death, to the full knowledge of the donor and he made no attempt thereafter to have them set aside.

The evidence fully sustains the finding below that a valid *inter vivos* gift was made.

The judgment is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, OLIPHANT, WACHENFELD and ACKERSON—5.

*For reversal*—Justice HEHER—1.