THE SWEDESBORO NATIONAL BANK

*v.*

JOHN C. RICHMAN et al.

[Submitted January 26th, 1921. Decided February 8th, 1921.]

Where decedent deposited $600 to the credit of herself or another, with intention that on her death the deposit should go to the other, though either of them could have checked out the deposit, the decedent had the right to revoke the gift to the other, which she did effectually by having the name of the other stricken from the account on the books of the bank and on the pass-book.

On bill, &c.

*Mr. Enoch S. Fogg* and *Mr. John Boyd Avis,* for the administrator.

*Mr. James Mercer Davis,* for the defendant Crispin.

BACKES, V. C.

This interpleader suit involves the ownership of a deposit in the Swedesboro National Bank standing in the name of Hannah S. Richman. The contestants are her administrator and Ada R. Crispin. The facts are undisputed. In 1910 Mrs. Richman deposited in the Swedesboro National Bank $600. At her request it was entered on the books of the bank to the credit of "Hannah S. Richman or Ada R. Crispin." Both signed identification cards and the bank delivered to Mrs. Richman a pass-book made out to "Hannah S. Richman or Ada R. Crispin." The money was Mrs. Richman's, and the proofs show that she made the deposit in the joint names with the intention that at her death it should go to Mrs. Crispin. Either could have checked out—the rules of the bank requiring the presentation and surrender of the pass-book, only upon the closing out of the account. Mrs. Crispin made no effort in that direction and Mrs. Richman made two withdrawals of accumulated interest. Mrs. Richman changed her mind as to the gift, and on October 22d, 1914, changed the joint deposit to a personal account. This was done by the cashier striking the name of Ada R. Crispin from the joint account on the ledger of the bank as well as on the pass-book, at Mrs. Richman's request. The administrator and Mrs. Crispin claim the money, and to protect itself the bank paid it into court.

Whether the joint deposit, had it remained untouched, would have been a valid and enforceable gift under the principle laid down in *New Jersey Title Guarantee and Trust Co.* v. *Archibald, 90 N. J. Eq. 384; 108 Atl. Rep. 434* (there was not here, as there, a contract with the bank as to survivorship), or invalid under the doctrine of *Stevenson* v. *Earl, 65 N. J. Eq. 721,* and the line of cases following the rule there laid down (void as a testamentary disposition), need not be considered or determined.

The ownership of the money was exclusively in Mrs. Richman, and the disposition of it, as she saw fit, was her privilege. Although Mrs. Crispin had it in her power to withdraw the fund (because of the form of the deposit), she had no title to the money, and had she presumed to make withdrawals they could have been recovered by Mrs. Richman. Mrs. Richman had the right to revoke the gift, and this she did by withdrawing the fund. That she did as effectually by having the name of Mrs. Crispin·stricken from the account on the books of the bank and on the pass-book, as if she had withdrawn the money by check and closed the account and opened another in her own name. The method was one of bookkeeping of the bank. The power to change the contract with the bank was solely in Mrs. Richman, and the form of the new account concerned her and the bank only. The new promise was to pay to Mrs. Richman's order, and that promise passed upon her death to her administrator and the fund will be awarded to him.