Agnes Roy died on November 8th, 1924. She had been in ill health for a number of years, and for some time immediately before her death boarded with Viola Abbott; Mrs. Abbott was also acting as nurse for Miss Roy and taking care of her generally.
Miss Roy had been for years a factory employe, and had saved her money, so that at the time of her death she had on deposit in the Millville National Bank a sum in excess of $2,000.
On October 20th, 1924, Viola Abbott presented to the bank a card in the following words:
 "AUTHORIZED SIGNATURES OF AGNES ROY OR VIOLA ABBOTT, 1924. FOR THE MILLVILLE NATIONAL BANK, MILLVILLE, N.J.
We hereby agree to the rules and regulations of the above bank. This account and all moneys to be credited to it belongs to us as joint tenants, and will be the absolute property of survivor of us; either and the survivor to draw. We do each appoint the other attorney irrevocable, with power to deposit in said account moneys of the other, and for that purpose to endorse any check, draft, note or other instrument payable to the order of the other.
 Date Oct. 20, 1924. AGNES ROY, VIOLA ABBOTT."
Together with the bank book of Viola Roy, and the bank being satisfied of the genuineness of the signatures (of which there is no dispute) endorsed on the account of Roy in the books of the bank the words "or Viola Abbott." The account theretofore in the name of "Agnes Roy" then appearing as "Agnes Roy or Viola Abbott."
The bank has refused to pay the check of the complainant as administrator of the estate of said Roy, for the amount on deposit in said account, and the complainant now prays, interalia, that "the said account may be decreed * * * to be the property of the estate of Agnes Roy, deceased."
This "contract of account" is in form sufficient to create ownership in the survivor. New Jersey Title Guaranty and TrustCo. v. Archibald, 91 N.J. Eq. 82. *Page 576 
The testimony is, however, convincing that the deceased was not in a mental condition, at the time she signed this paper, to properly realize the effect of such an act, nor am I convinced that she signed this "contract of account" with an understanding of its full import. There is no convincing testimony that she intended to do more than to create power in Mrs. Abbott to withdraw funds from said account for the use of Miss Roy during her illness.
I, therefore, find, as a fact, that the funds on deposit in said bank are the property of the estate, subject, however, to the payment of such amount as may be due Mrs. Abbott for board, lodging and services rendered to Miss Roy, and to ascertain what amount should be allowed her a reference to a master will be advised.