SHAW et al. v. LYMAN et al.

(Circuit Court, W. D. North Carolina.  December 14, 1896.)

FEDERAL AND STATE COURTS—CONCURRENT JURISDICTION—COMITY.

The pendency in a state court of a suit between the same parties, on the same cause of action, is no bar to a creditors' bill in a federal court to fix the personal liability of directors and stockholders in a corporation.  Neither will it authorize the court, on the ground of comity, to stay its hand until a decision by the state court, since no conflict of jurisdiction can arise, and the judgment of either court can be pleaded as res judicata in the other.

This was a creditors' bill by Milton G. Shaw and others against A. J. Lyman and others to fix the personal liability of certain directors and stockholders in a corporation.    Defendants moved the court to dismiss the case, because of the pendency in a state court of a prior suit between the same parties, on the same cause of action.

Jones & Barnard, J. S. Adams, F. A. Soudley, and Geo. Shuford, for the motion.

H. H. Hayden, T. H. Cobb, J. G. Merrimon, and H. B. Walmsley, opposed.

SIMONTON, Circuit Judge. This is a motion to dismiss the case. The ground of the motion is that, when it was instituted, there was an action pending between the same parties, on the same cause of action, seeking the same relief, in the state court of North Carolina sitting for Buncombe county. The proceedings is by a creditors' bill. The relief sought is by fixing the personal liability of directors and stockholders. There is no res in the case. The proceeds of the judgment in case of recovery are to be administered in equity for the benefit of the creditors.

It is well to say in the beginning that a motion to dismiss cannot be entertained. There can be no question that the mere fact of the existence of a suit between the same parties, for the same cause of action, in the state court, is not a bar to a suit is this court, even on plea in abatement. Gordon v. Gilfoil, 99 U. S. 168; Marks v. Marks, 75 Fed. 321; Stanton v. Embrey, 93 U. S. 548. The question really before this court is: Will this court, under the suggestion that the same question is pending in the state court, between the same parties, hold its hand, and leave the decision to the state court? It is a question of comity,—a comity exercised to prevent conflict of jurisdiction. There are classes of cases in which this comity is exercised. One is where the case necessarily involves the taking possession of the res, the subject-matter of the suit. There the court which has first taken possession of the res is entitled to the jurisdiction, and other courts will not interfere. Gates v. Bucki, 4 C. C. A. 124, 53 Fed. 961; Covell v. Heyman, 111 U. S. 182, 4 Sup. Ct. 355. This case so well expressed the doctrine that its language should be quoted:

"These courts [courts of the United States and of the states] do not belong to the same system so far as their jurisdiction is concurrent, and, although they co-exist in the same space, they are independent, and have no common superior. They exercise jurisdiction in the same territory, but not in the same plane; and, when one takes into its jurisdiction a specific thing, that res is as much withdrawn from the judicial power of the other as if it had been carried physically into a different territorial sovereignty."

An illustration of this doctrine is found in Foster v. Bank, 68 Fed. 723, where Judge Paul refused to entertain a suit, begun by certain creditors of a bank, against the bank and trustees of its property, on the ground that the trustees had themselves instituted a suit in the state court seeking the same result as the bill in the United States court, and had thus carried the res into, and placed it in possession of, the state court.

Another class of cases is where a creditors' bill has been filed in the state court by one set of creditors, and that court has assumed jurisdiction. Subsequently other creditors go into the United States court, filing a similar bill, for a similar purpose. The federal court in such a case will not interfere. Such a case is Howlett v. Improvement Co., 56 Fed. 161.

In Orton v. Smith, 18 How. 265, we have a statement of the doctrine on this general subject:

"Besides, the decree in this case demonstrates the impropriety of the interference of the court of the United States, and of its entertaining jurisdiction of a question of title then pending in the state court. It is true, if this were an ejectment in a court of law, the pendency of another ejectment between the same parties might not have afforded sufficient ground for a plea of auter action pendant; nor would the court have been bound, even by comity, to await the decision of the state court, or suffer the cause pending before them to be in any way affected by it. But a decree of a court of chancery, on a bill of peace, must necessarily operate by way of estoppel as to the title of the land, and conclude all the parties to it, because it should put an end to all litigation between them. If they have suits pending in other courts on the same question of title, they must cease. This bill acts by injunction on the party. No injunction ever goes to the court having a concurrent jurisdiction of the question. The courts of the United States have no such power over suitors in a state court. But a decree on a bill of peace which does not put an end to litigation is a mere brutum fulmen. Unless the court can make a decree which it can execute, it is a sufficient reason for refusing to take cognizance of the case."

Judge Thayer, in Pierce v. Feagans, 39 Fed. 587, says:

"The suit in the state court is pending in a different jurisdiction. It is now well settled that a suit in a state court cannot be taken advantage of by way of lis pendens to defeat a suit of the same nature, and between the same parties, in the federal court. The two courts, though not foreign to each other, belong to different jurisdictions, in such sense that the doctrine of lis pendens is not applicable."

Judge Colt, in Latham v. Chafee, 7 Fed. 520, says:

"The main question upon this defendant's plea is whether the pendency of a suit in a state court between the same parties, and involving the same subject-matter, can be pleaded in abatement or in bar to a suit in the circuit court of the United States. It is undoubtedly true, as a general rule, that, as between two courts of concurrent jurisdiction, that which first gets control of the litigation will be allowed to prosecute it to an end. * * * But this rule does not extend to courts of foreign jurisdiction. It has often been held that the courts of a state are foreign, in this sense, to the courts of the United States."

He relies on Loring v. Marsh, 2 Cliff. 322, Fed. Cas. No. 8,514, a decision of Mr. Justice Clifford. Judge Sawyer, in Sharon v. Hill, 22 Fed. 28, holds the same views.

A citation of all the authorities on this point would be endless. It is clear from them that, unless the special circumstances alluded to above exist, a suit—certainly a personal action—can be brought in this court notwithstanding the fact that there is pending at the same time a similar suit, for the same cause of action, in the state court; that the pendency of such suit cannot be pleaded in abatement or in bar. And it follows, absolutely, that the party bringing the action in this court has the right to bring it; and, as the jurisdiction of this court is fixed by the constitution of the United States, he has that right secured to him by the constitution. Under these circumstances, this court cannot exercise the comity suggested, unless action on its part will bring it into conflict with the state court. There can in this case be no such conflict, as no question can arise as to the disposition of any res, and a recovery or failure to recover in either court can be pleaded as res judicata in the other. The motion is dismissed.