NEW JERSEY TITLE GUARANTEE AND TRUST COMPANY, executor, &c., of Helena Metz, deceased, complainant-appellant,

*v.*

LOUISA ARCHIBALD et al., defendants-respondents.

[Submitted July 7th, 1919.  Decided November 17th, 1919.]

Where moneys belonging originally either wholly to the mother, or in part to her and in part to her daughter, are deposited by them in a bank in their joint names, and at the same time they both sign and deliver to the bank a writing stating that "this account and all money to be credited to it belongs to us as joint tenants and will be the absolute property of the survivor of us; either and the survivor to draw," upon the death of the mother the undrawn moneys belong to the surviving daughter.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Lewis, whose opinion is reported in *107 Atl. Rep. 472,* and *90 N. J. Eq. 384.*

*Mr. Gilbert Collins,* for the appellant.

*Mr. Ralph E. Cooper* and *Mr. David A. Newton,* for the respondent Louisa Archibald.

*Messrs. Campbell, De Turck & West,* for the respondent First National Bank of Westwood, New Jersey.

The opinion of the court was delivered by

TRENCHARD, J.

This is an appeal from a decree dismissing a bill of complaint which was designed to settle the ownership of three bank accounts, one in the Bergen branch of the New Jersey Title Guarantee and Trust Company, the other two in the First National Bank of Westwood, New Jersey.

The bill was filed by the New Jersey Title Guarantee and Trust Company as executor of Helena Metz, deceased, and avers, among other things, that it is "in doubt whether to claim as executor of said Helena Metz the said deposits" and prays that it "may be judicially determined to whom the said respective deposits belong," and "that complainant may be instructed as to its duty in the premises."

The defendants Louisa Archibald and the First National Bank of Westwood both moved to dismiss the bill upon the ground that it "appears by the bill of complaint that the said Louisa Archibald is the surviving joint tenant of the deposits referred to in said bill, and therefore is entitled to said moneys."

The learned vice-chancellor was of the opinion that the position of the defendants was well taken and accordingly dismissed the bill.

We are of the opinion that the vice-chancellor was right.

Looking first with respect to the deposit in the New Jersey Title Guarantee and Trust Company we find the following averments in the bill of complaint: On November 30th, 1915, "Helena Metz opened a special deposit account in the Bergen branch of complainant, and deposited therein on that day $500." On March 31st, 1916, "the said Helena Metz, with her daughter Louisa Archibald, changed said account so that it should be with Helena Metz or Louisa Archibald, and deposited therein the sum of $175 in cash and $263.43 in checks drawn by said Helena Metz on an account kept by her in the main office of the complainant, which account was at that time closed out." At the same time "the said Helena Metz and the said Louisa Archibald signed and delivered to complainant a writing dated March 31st, 1916, referring to said account by its number 2809," which writing, among other things, contained the following provisions:

"This account and all money to be credited to it belongs to us as joint tenants and will be the absolute property of the survivor of us; either and the survivor to draw."

At the time of the death of Helena Metz there was to the credit of the account the sum of $1,031.31. The pass book

evidencing such deposit was, after the death of Helena Metz, brought to complainant by Louisa Archibald who asserted her right to withdraw the deposit for her own use.

With respect to whether or not either of the parties ever drew any of the funds so deposited the bill is silent.

Now it may well be doubted whether under such a bill the complainant would in any event be entitled technically to the relief prayed for, but since all parties in interest are before the court, and have been heard, we assume that the bill will lie *quia timet,* and, in accordance with the wishes of the parties, proceed to determine the ownership of the deposits.

At the outset it is to be remarked that we are not here concerned with the class of cases where the rights of the parties depend in part, at least, upon the possession of a pass book without the possession of which the moneys could not be withdrawn. Here the rights of the parties depend upon the legal effect of the contract upon which the deposit was made and which contained no such provision.

It will be noticed that it does not appear clearly from the bill of complaint whether the moneys deposited belonged originally wholly to the mother, or in part to her and in part to the daughter. But that is immaterial.

We think that where, as here, moneys belonging originally either wholly to the mother, or in part to her and in part to her daughter, are deposited by them in a bank in their joint names, and at the same time they both sign and deliver to the bank a writing stating that "This account and all money to be credited to it belongs to us as joint tenants and will be the absolute property of the survivor of us; either and the survivor to draw," upon the death of the mother the undrawn moneys belong to the surviving daughter.

Such is the logic of *East Rutherford S. L. & B. Assn.* v. *McKenzie, 100 Atl. Rep. 931; affirmed, 87 N. J. Eq. 375.*

It is, however, contended that the essentials of a technical joint tenancy are not present because of the right of both to draw out the entire fund, and it is argued that what was intended was a testamentary disposition which was void for nonconformity to the statute of wills. But a somewhat similar de-

posit was dealt with in *Hoboken Bank for Savings* v. *Schwoon,* *62 N. J. Eq. 503,* and the survivor was held entitled to the fund. In answer to the argument based upon the fact that the power of disposition remained in the donor during his lifetime the court said: "This circumstance has not deterred the court from giving effect to such arrangements. This has been done on two grounds—*first,* that a joint estate or interest is created with an express right of survivorship which operates naturally and legally upon whatever of the fund remains unused at the death of the donor; and *second,* on the ground of a completed trust."

Whether the deposit in the case at bar created a technical joint tenancy is beside the mark. We have pointed out that it was a deposit of moneys originally belonging either wholly to the mother, or in part to her and in part to the daughter. More strictly speaking, it was a loan by the depositors to the banks upon the terms stated, since a deposit in a bank creates the relation of debtor and creditor between the depositor and the bank. *Schippers* v. *Kemphes, 67 Atl. Rep. 1042; affirmed, 72 N. J. Eq. 948.* The bank therefore contracted with the mother and daughter that such moneys should be held for them "as joint tenants and will be the absolute property of the survivor; either and the survivor to draw." That contract they had a right to make, and undrawn moneys so deposited belong to the survivor. *Dial's Administrator* v. *Merchants & M. Sav. Bank (Va.), 91 S. E. Rep. 135.* In such case it is not necessary to establish the existence of a technical joint tenancy to create the right of survivorship; in other words, the incident of survivorship which exists by implication in a joint tenancy is expressly provided for by such a form of deposit.

It is argued that there was no gift from the donor to the donee because there was no delivery. But we think that is not so. The right was contractual and was vested in both depositors jointly and the survivor. The contract entered into by the bank with the mother and her daughter exhibited a donative purpose from donor to donee (not one merely for use and convenience of the donor) and hence constituted a valid gift. See *East*

*Rutherford S. L. & B. Assn.* v. *McKenzie, supra; Schippers* v. *Kemphes, supra; Dunn* v. *Houghton, 51 Atl. Rep. 71.*

These considerations in effect dispose of every question argued, not only with respect to the deposit in the complainant trust company, but also with respect to the two deposits in the First National Bank of Westwood, because the material facts are the same.

The decree below will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON—12.

*For reversal*—MINTURN—1.