On or about March 27th, 1933, the defendant 1016 Fifth Avenue Company, Incorporated, obtained a judgment against the complainant, Charles P. Norcross, in the supreme court of the State of New York for moneys due it on account of rent of an apartment occupied by him and his wife, Gladys C. Norcross. The complainant, on or about September 11th, 1933, filed a petition in bankruptcy, and, consequently, was adjudicated a bankrupt. In the schedules attached to his petition, he listed no assets. In those proceedings, he swore that on the date of the filing of the petition, he had no moneys in a bank, either in his own name, or in that of his wife, Gladys C. Norcross. The complainant stated under oath in the bankruptcy proceedings, in the New York supreme court action, and in the instant case, that he had been unemployed from January, 1933, to September, 1933.
The defendant, 1016 Fifth Avenue Company, Incorporated, also instituted an action in the New York supreme court against Gladys Norcross, the wife of the said Charles P. Norcross, for rental of the apartment occupied by her and her husband, the complainant, and it obtained a judgment against her in the sum of $2,210.85 on March 26th, 1934. She had an account in the Corn Exchange Bank Trust Company, New York City, showing deposits between May 24th, 1933, and September 7th, 1933, of $1,628.39. Previous to the date of the entry of the judgment against Mrs. Norcross, or on or about March 10th, 1934, Mrs. Norcross withdrew from her account in the Corn Exchange Bank Trust Company, the sum of $2,200. On, or about, March 27th, 1934, she and the complainant opened a "joint survivorship *Page 96 
account" in the Hudson County National Bank in Jersey City. The signature card of the account (Exhibit C-1) bears the signatures of complainant and his wife, Gladys C. Norcross, and it reads as follows:
"Filed with Hudson County National Bank on condition that all moneys credited hereunder belong to us as joint tenants, and will be the absolute property of the survivor of us; either and the survivor to draw."
This account was a commercial or business account.
On October 13th, 1934, Mr. and Mrs. Norcross opened a savings account in the same Hudson County National Bank in Jersey. The signature card of this account reads as follows:
"This account and all moneys to be credited to it belongs to us as joint tenants, and will be the absolute property of the survivor of us; either and the survivor to draw." (ExhibitC-4.)
Both of these accounts were attached by the sheriff of Hudson county by virtue of a writ of attachment, issued on December 23d 1936, out of the Hudson county circuit court against all the rights, credits and so forth of the said Gladys C. Norcross. The moneys attached, and on deposit, amount to $3,440.35. In the commercial account there was the sum of $1,080.84, while in the savings account, there was the sum of $2,469.51. The complainant contends that the moneys in said accounts are his and that no part thereof belongs to his wife, Gladys C. Norcross. The bill seeks to restrain the prosecution of the attachment proceedings, and a decree favoring his claim for the moneys on deposit in the Hudson County National Bank accounts.
It is alleged in the bill of complaint, and in the affidavit attached thereto, executed by the complainant, that:
"On March 27th, 1934, I opened with the Hudson County National Bank an account with the moneys earned by me during the years 1933 and 1934 from the Outdoor Advertising, Incorporated. This account was used by me for the purpose of maintaining household expenses and as a depository for general purposes and was solely my property. *Page 97 
"This account bears the name Gladys or Charles P. Norcross, the name of Gladys Norcross being used in this account to permit Mrs. Gladys Norcross to pay the necessary household expenses and such obligations as were necessary to the maintenance of the home of Mrs. Gladys Norcross and myself.
"None of the moneys deposited therein belong to Mrs. Gladys Norcross and were neither earned by her or obtained by her from any source whatsoever."
The affidavit of Gladys C. Norcross, annexed to the bill, states that:
"I have not at any time deposited any money of mine in this account. I have made deposits of money in this account which money was given to me by Mr. Norcross for the purpose of making the deposit. I have never used this account as mine. I have drawn some checks upon the account only for household expenses. I have obtained one or two loans from Mr. Norcross, which money Mr. Norcross drew from this account and an examination of the records will show that this money was redeposited in the account by me to Mr. Norcross' credit. I do not own any part of this account. I have not contributed in any way to this account and I have not exercised any control over the account other than as directed by Mr. Norcross."
The Hudson County National Bank filed a counter-claim, and sought to interplead the complainant and this defendant. An order thereupon was issued which directed the payment of the fund into this court. The complainant filed a statement of claim, which, among other things, says:
"These accounts bear the name of Gladys Norcross, the wife of the complainant, the said name of Gladys Norcross appearing thereon for the purpose of permitting the complainant's wife to use these accounts to pay the necessary household expenses and such obligations as were necessary to the maintenance of the home of the complainant and his wife.
"None of the moneys deposited in these accounts belong to Gladys Norcross and are moneys earned by complainant." *Page 98 
The complainant is here charged with the burden of establishing that his wife was a joint depositor with him as a convenience to him in making deposits and withdrawals, and that she was without any interest in the accounts. Niebel v. Winslow,88 N.J. Law 191.
The evidence submitted by the complainant in the instant case and his testimony in the bankruptcy proceedings, and the action instituted against him in the New York supreme court, are at variance.
There seems to be abundant legal support to the inference that the opening of an account, wherein each depositor agrees that all the moneys deposited are to belong to the parties as joint tenants, is prima facie evidence of donative intent. NewJersey Title Guarantee and Trust Co. v. Archibald, 91 N.J. Eq. 82.
In the last cited case, the court of errors and appeals, in part, said:
"We think that where, as here, moneys belonging originally either wholly to the mother, or in part to her and in part to her daughter, are deposited by them in a bank in their joint names, and at the same time they both sign and deliver to the bank a writing stating that `This account and all money to be credited to it belongs to us as joint tenants and will be the absolute property of the survivor of us; either and the survivor to draw,' and upon the death of the mother the undrawn moneys belong to the surviving daughter.
 * * * * * * *
"The contract entered into by the bank with the mother and her daughter exhibited a donative purpose from donor to donee (not one merely for use and convenience of the donor) and hence constituted a valid gift." Commonwealth Trust Co. v. Grobel,93 N.J. Eq. 78; Commercial Trust Co. v. White, 99 N.J. Eq. 119;affirmed, 100 N.J. Eq. 561; Trenton Saving Fund Society v.Byrnes, 110 N.J. Eq. 617; Dover Trust Co. v. Brooks, 111 N.J. Eq. 40; McGee v. McGee, 81 N.J. Eq. 190; Rosecrans v.Rosecrans, 99 N.J. Eq. 176; Mendelsohn v. Mendelsohn, 106 N.J. Eq. 537.
The defendant contends that the money standing in the accounts in the name of Gladys C. Norcross and the complainant, *Page 99 
is, in fact, her property, and that the claim made by husband and wife that the moneys in said account belong to the husband, is asserted by both husband and wife to defeat the claims of creditors. It calls attention to the fact that the complainant has been discharged of his liability to it, the defendant, through the bankruptcy proceedings; and that he instituted this suit to void the satisfaction of judgment, held by it against his wife, Gladys C. Norcross, on the pretense that the moneys in the accounts, in which he is designated as joint tenant, are, in fact, not her moneys. The defendant's contention in this case is not unlike the point raised in Besson v. Eveland, 26 N.J. Eq. 468,
wherein the court, inter alia, said:
"In the case under consideration both deeds, made to the husband, were recorded soon after their execution, and if the husband can be believed, his wife knew they were made to him, and that she was permitting him to hold himself out to the world, constantly, as the absolute owner of the lands, and to incur debts on the credit which such ownership gave him. It is clear, the debt the complainants are now seeking to recover was contracted, in part at least, on the credit which the debtor obtained as the apparent owner of these lands. She knew he was engaged in a business necessarily attended with hazard, and in the prosecution of which he would incur debts. Having constantly consented he should hold himself out to the world as the owner of this property and contract debts on the credit of it, up to the very hour of his disaster, it would be against the plainest principles of justice, and utterly subversive of everything like fair dealing, to permit her to step in now and withdraw from the process of the law, put in motion by his creditors, the very property she had permitted him, year after year, to represent to be his, and the apparent ownership of which had given him his business credit and standing."
Mrs. Norcross testified that on March 10th, 1934, just before the trial of the action against her in the supreme court of New York, she withdrew from her account in the Corn *Page 100 
Exchange Bank Trust Company, the sum of $2,200. She said she withdrew this sum for the purpose of covering her expenses of a business trip she proposed taking to England. This sum, being cash, she kept about her person until she went to England approximately a month later. In the interim she made a trip to California, and had the $2,200 in cash, in her possession, over to, and back from, California.
The complainant testified in proceedings, supplementary to the aforesaid judgment against Gladys C. Norcross, that:
"I loaned her all of the money needed for the ventures and I do not remember how much it was."
In this proceeding, the complainant repudiated that testimony, which was subscribed and sworn to by him; he declared it was untrue, and that it was inadvertently stated. About seventeen days after Gladys C. Norcross withdrew said moneys from the Corn Exchange Bank Trust Company, $1,600 of the withdrawal was deposited in the commercial account in the Hudson County National Bank of Jersey City. It is the contention of the defendant that this last deposit came from the moneys withdrawn from the Corn Exchange Bank Trust Company by Gladys C. Norcross. The complainant, on the contrary, at one time said that the $1,600 belonged to him and that it was wired him from California by his sister, one Elizabeth Matthews. He gave another explanation as to the source of the initial deposit of $1,600 in the said proceeding supplementary to the judgment against Gladys C. Norcross in the supreme court of New York, wherein he said:
"The opening deposit in the account of Charles P. and Gladys C. Norcross in the Hudson County National Bank, Jersey City, was $1,600, made on March 27th, 1934. This deposit was my money, which I had saved from earnings, made with Outdoor Advertising, Incorporated. I saved from August 20th, 1933, until the date of the deposit. I saved this money in cash. The deposit was in cash. I kept this money around the house prior to the deposit. I kept some of it in a jar of corn flakes. I had it in all kinds of places. During the period I was saving this money I lived at two *Page 101 
addresses — the East Sixty-sixth street address and 105 East Sixty-third street. We had two rooms furnished at Sixty-sixth street and three rooms furnished at Sixty-third street." (Exhibit D-1, pages 6, 7.)
In these proceedings, in the instant case, Norcross, in explaining about the initial deposit of $1,600, said he had delivered his savings to a gentleman connected with the Outdoor Advertising, Incorporated, which was his employer, to be placed in a vault or safe maintained by the Outdoor Advertising Company. The complainant testified that his wife was made a joint depositor for the purpose of using the same for his benefit and convenience in paying insurance premiums and other household expenses. It is significant that no cancelled check vouchers were offered in evidence. Jacoby v. Jacoby, 6 N.J. Mis. R. 86;140 Atl. Rep. 454; Malouff v. Pope, 9 Fed. Rep. 2d 254;United States v. Mammoth Oil Co., 14 Fed. Rep. 2d 705;Henderson v. Richardson Co., 25 Fed. Rep. 2d 225, 228; 22C.J. 82, 113. While the complainant testified that his wife's name was added to the bank accounts because of the convenience which would result to him from her paying his insurance premiums as they became due, as well as the household expenses, the sincerity of it is open to question since Mrs. Norcross made many and frequent business trips to England where her stops were of uncertain duration — long and short.
The complainant testified that a number of withdrawals made by his wife were loans made by him to her; and that several deposits made by her were repayments of the loans. Which of the withdrawals were loans, and which of the deposits were repayments, does not appear to be clear or definite. In fact, he said he kept no record of her loans or her repayments.
Mrs. Norcross testified that her verifying affidavit, attached to the bill filed in this proceeding, part of which is hereinabove set forth, did not accurately state the facts in regard to the accounts in question. The withdrawal slips (Exhibits D-3, 4, 5 and 6) indicate that all but one of the withdrawals *Page 102 
from the savings account were made by Mrs. Norcross. She withdrew therefrom $3,534. It was she who had possession of the pass book. She presented it at the bank each time she withdrew moneys. She made out the withdrawal slips. The testimony shows that she withdrew the moneys from the savings account for her own use in defraying her expenses on her business trips to England. TrentonSaving Fund Society v. Byrnes, supra.
It is to be observed that while the bank accounts are in the Hudson County National Bank, Jersey City, the complainant and his wife do not reside, and have not resided, in this state.Hamlen's Adm'r v. Bennett, 52 N.J. Eq. 70; Halsted's Ex'rs v.Colvin, 51 N.J. Eq. 387; Woodruff v. Morristown Institute forSavings, 34 N.J. Eq. 174; Kaplan v. Heiles, 107 N.J. Eq. 443;Mertens v. Schlemme, 68 N.J. Eq. 544; Scheck v. Bowne,113 N.J. Eq. 51.
The complainant has not submitted evidence that is either clear or persuasive in support of his claim. In Besson v. Eveland,supra, it was said:
"* * * Claims of this kind should always be regarded with a watchful suspicion, and when attempted to be asserted against creditors upon the evidence of the parties themselves uncorroborated by other proof, they should be rejected at once, unless their statements are so full, clear and convincing as to make the fairness and justice of the claim manifest. Any other course will encourage fraud and multiply the hazards of most business ventures. The evidence here does not approach this standard."
Considering all the circumstances, I am of the opinion that a decree should be made for the defendant 1016 Fifth Avenue Company, Incorporated. *Page 103