Albert C. Steinmetz, Sr., and Elizabeth Steinmetz were married July 12th, 1920, on which day a savings account was opened in the Hudson Trust Co. with a deposit of $3,000 *Page 177 
in the name "Albert Steinmetz and Elizabeth Steinmetz" and on the bank's signature card, above the signatures of the parties, were the words, "This account is opened by us and intended to create a joint estate to us as joint tenants and not as tenants in common."
They opened another savings account in the Trust Company of New Jersey November 27th, 1923, for $200 in the name "Elizabeth Steinmetz or Albert Steinmetz" and on the bank's signature card, above the signatures of the parties, were the words, "This account and all moneys to be credited to it belong to us as joint tenants and will be the absolute property of the survivor of us; either and the survivor to draw."
No evidence was offered to show the purpose or intent of the parties in opening the accounts, except as can be gathered from their form and the signature cards. The evidence does not disclose the source of the initial deposits with which the accounts were opened (but it is alleged in the bill and admitted by Mrs. Steinmetz's answer that Albert Steinmetz made the deposit of $3,000 which opened the account in the Hudson Trust Co.), nor does it disclose whose money was thereafter, from time to time, deposited in the accounts. Several withdrawals were made from each account, all on drafts signed by Mrs. Steinmetz alone.
The form of deposit used for the two accounts is evidence of a gift by each joint owner to the other of any money deposited therein by either, to take effect in praesenti and under such forms of deposit (in the absence of evidence to the contrary) any balance remaining to the credit of the accounts so long as they continued to exist, would on the death of either joint owner, belong to the survivor. Commercial Trust Co. v. White, 99 N.J. Eq. 119; affirmed, 100 N.J. Eq. 561.
March 16th, 1931, both accounts were closed by drafts drawn by Mrs. Steinmetz. From the Hudson Trust Co. account she withdrew the entire balance of $4,128 and from the Trust Company of New Jersey account she withdrew the entire balance of $4,166.30. The same day she closed the accounts she opened two new savings accounts, both in the *Page 178 
name "Elizabeth Steinmetz or Kate Doll," one in the Hudson Trust Co. for the same amount withdrawn from the closed account in that bank and the other in the Trust Company of New Jersey for the same amount withdrawn from the closed account in that bank.
There can be no doubt that when Mrs. Steinmetz withdrew all the funds in the two accounts which stood in the name of her husband and herself, she had reason to know that her husband was mentally incompetent. He was committed to a state institution for the insane March 28th, 1931, and remained there until his death February 4th, 1940. A son by a former marriage (the complainant here), was appointed administrator of his father's estate. He brings this suit to recover from Mrs. Steinmetz one-half of the money she withdrew from the two savings accounts which stood in the name of her husband and herself.
There is no evidence that when those two accounts were opened the intention of the parties was to immediately vest in the wife absolute title to the whole of the funds therein, or to give her sole dominion and control over them during their joint lives. On the contrary, under the forms of deposit the husband had an equal right with his wife, while both were alive, to withdraw funds therefrom and he also had the right to receive the entire balance remaining to the credit of the accounts in the event he should survive her. At the time Mrs. Steinmetz closed the accounts the money on deposit therein, in the absence of any evidence to the contrary, prima facie belonged to the husband and wife equally and each stood in the relation of agent or trustee for the other to the extent of the other's interest in the joint funds. But the wife took advantage of her husband's disability and seized the entire joint funds in an inequitable attempt to deprive him of all interest and rights therein. Had he then not been under disability and had he brought suit against his wife for accounting for his share of their joint funds, there can be no doubt that on the facts as disclosed in this case he would have been adjudged to have an interest in the joint funds. O'Connor
v. Dunnigan, 143 N.Y.S. 373; affirmed, 213 N.Y. 676. *Page 179 
In the case of joint tenancy in personal property four unities must continue to exist, viz.: unity of interest, title, time and possession. Either joint owner may destroy one or more of the constituent unities in such manner as to sever his interest from the joint fund and so destroy its existence, thereby ending his right of survivorship. Schouler on Personal Property (5thed.) § 160; Morristown Trust Co. v. Capstick, 90 N.J. Eq. 22;affirmed, 91 N.J. Eq. 152; Dover Trust Co. v. Brooks, 111 N.J. Eq. 40.
By Mrs. Steinmetz's act she severed the unity of interest and possession which had theretofore existed between her husband and herself and she thereby destroyed the joint tenancy so far as her interest was concerned, including her right to have the joint funds as survivor. The joint accounts no longer existed and she made herself a tenant in common of the joint funds to the extent of her one-half interest therein and she held the half share of her co-tenant as agent or trustee for him.
The defendant Elizabeth Steinmetz will be decreed to pay complainant as administrator, the sum of $4,147.15 with interest from March 16th, 1931. In determining the rate of interest to be charged against her, consideration should be given to the fact that she kept said sum on deposit in savings bank accounts until December 29th, 1936, when she took in her own name an assignment of a mortgage made by Theodore Doll and wife to Adolph Lohman and wife, dated August 26th, 1920, on which, at the date of the assignment to her, the principal sum of $6,000 was due with interest from January 1st, 1937, which interest she has since regularly received. She paid the consideration for the assignment by withdrawing $3,000 from each of the savings accounts which stood in the name of "Elizabeth Steinmetz and Kate Doll."
The bill alleges, further, that at the time of the death of Albert Steinmetz he owned a substantial amount of real and personal property of which Mrs. Steinmetz took possession and refused to deliver to complainant and complainant's prayer is that she account to him therefor. By her answer she denied such allegation and on the hearing of the cause the sole proof adduced to support complainant's allegation was that Mrs. Steinmetz maintains a savings account in the Guttenberg *Page 180 
Bank and Trust Co. opened May 17th, 1937, in the name "Elizabeth Steinmetz and Robert Steinmetz," but no evidence was produced to show that any money deposited in that account was ever the property of Albert Steinmetz.
The defendants named in the bill beside Elizabeth Steinmetz, are Kate Doll and Robert Steinmetz. As to Kate Doll the bill alleges that she has no interest in the two savings accounts which stand in her name jointly with Elizabeth Steinmetz, at least to the extent of the moneys claimed by complainant. She was duly served with process but made no appearance in the suit. Complainant may have a decree against her in line with said allegation in his bill. The defendant Robert Steinmetz filed an answer disclaiming interest in the savings account which stands in his name jointly with Elizabeth Steinmetz, but denying that the moneys deposited therein were ever the property of Albert Steinmetz. As to him, the bill will be dismissed.