The bill in this case was filed by a wife against her husband to obtain her share of a joint bank account. I concluded that the complainant was entitled to one-half of the bank *Page 207 
account. Mr. Heller, one of the counsel for defendant, John Goc, sent me a letter and memorandum under date of December 21st, 1942, asking for a rehearing. Under such circumstances I have prepared the following opinion and deny the application for the rehearing.
The complainant and defendant were married in 1931. Both are of foreign extraction and had little education. Their knowledge of the English language is limited. Both parties were continuously employed; the husband as a helper in a coal yard and the wife as a domestic servant. Prior to their marriage, the husband maintained a savings account in the Passaic National Bank which account was continued after the marriage. On May 27th, 1939, the parties went to the bank and had the wife's name added to the account. The following appears on the signature card:
"This account and all money to be credited to it belongs to us as joint tenants and will be the absolute property of the survivor of us, either and survivor to draw."
The evidence disclosed that from time to time thereafter deposits and withdrawals from the account were made.
In the month of August, 1942, apparently some differences arose between the parties and the complainant left the defendant. On August 11th, 1942, the defendant withdrew the full amount of the deposit; to wit, $3,425.41, and opened a new account in his own name in the First National Bank of Garfield.
The bill of complaint in this case was filed by the wife on August 11th, 1942, and the husband was restrained from withdrawing one-half of the amount there on deposit pending final hearing.
Complainant relies on the holding of this court in Steinmetz
v. Steinmetz, 130 N.J. Eq. 176. That case held on the authority of Commercial Trust Co. v. White, 99 N.J. Eq. 119; affirmed,100 N.J. Eq. 561, that the form of deposit is evidence of a gift to take effect in praesenti, by each joint owner to the other of any money deposited therein by either. In the SteinmetzCase, the wife withdrew the fund which stood in the joint names. It was held that the act of withdrawal *Page 208 
severed the unity of the interest and possession and destroyed the joint tenancy. The joint account no longer existed and the parties became tenants in common of the fund in equal shares. It was also held in the Steinmetz Case, that the wife, after the withdrawal, held a one-half share as agent or trustee for the benefit of her husband and the decree ordered her to pay to him the one-half of the amount withdrawn.
In the memorandum submitted by Mr. Heller, he refers to the testimony of the defendant to the effect that the form of the account was changed to include both names because the wife wanted protection in the event of her husband's death and also desired some manifestation on his part that she was not merely a servant of her husband. He argues that the defendant never intended to make a gift to his wife of all or any part of the fund and that by reason of the husband's testimony the presumption of gift is overcome.
The trouble with this argument is that defendant's testimony is not convincing. It appears to me to be an afterthought on his part. He has failed to overcome the presumption of gift which arose in this case and is, therefore, bound to return to his wife one-half of the amount withdrawn by him. The presumption of a gift cannot be overcome merely by the presentation of testimony if the testimony is not believable. To overcome the presumption, the evidence must be convincing. Testimony alone is not sufficient unless it carries the conviction that it is true. If this were not so, every case of this nature would fall simply by the testimony of a party to the effect that he had no such intention. *Page 209