The complaint in this case was filed by a husband against his wife to recover all moneys in a joint bank account and also forty-one United States War Savings Bonds in their joint names.
The parties were married in 1927. From that time until 1946 they had accumulated $4,000 in cash and also the War Savings Bonds from the earnings of the husband. The money and bonds were placed in a safe deposit box in the Rutherford National Bank at Rutherford, New Jersey, in their joint names. In September, 1947, the safe deposit box was surrendered. In October, 1947, the $4,000 cash was deposited in a joint savings account in the Rutherford National Bank *Page 297 
branch at Lyndhurst, New Jersey. At the same time the savings bonds were placed in a safe deposit box in their joint names in the same bank at Lyndhurst.
The following language appears on the signature card which both parties signed when the joint savings account was opened:
"This account and all money to be credited to it belong to us as joint tenants, and will be the absolute property of the survivor of us; either, and the survivor to draw."
A bank account in such form raises a rebuttable presumption of joint tenancy and indicates a donative purpose from donor to donee to take effect in praesenti. See N.J. Title Guarantee Trust Co. v. Archibald, 91 N.J. Eq. 82; Steinmetz v.Steinmetz, 130 N.J. Eq. 176. Convincing proof is required to rebut the presumption of gift. Goc v. Goc, 133 N.J. Eq. 206.
The plaintiff's testimony was that the account took such form, not because he intended a gift to take effect in praesenti, but for the reason that his wife "nagged" him into so establishing the account in order that she would be protected if he predeceased her. The defendant's testimony was that a gift was intended. However, at one point in his cross-examination, the plaintiff testified as follows:
"Q. Didn't you and your wife have an understanding that the property owned by both of you individually would belong to the both of you? A. Yes.
"Q. There is no question about that, is there? A. No, sir."
There was sharp conflict in the testimony as to the opening of the account in the Rutherford National Bank at Lyndhurst, New Jersey. The plaintiff testified that both parties were present when the account was opened and the $4,000 deposited in the joint account. The defendant insisted that she alone opened the account and made the deposit. Her testimony was corroborated by the cashier of the bank. Only her signature appeared on the "posting" card.
After giving careful study and consideration to the testimony and exhibits, I am of the opinion that the plaintiff *Page 298 
has failed to rebut by convincing proof the presumption of an immediately effective gift as to the savings account.
The ownership of the United States War Savings Bonds is determined by the regulations of the United States Treasury Department. See Fidelity Union Trust Co. v. Tezyk,140 N.J. Eq. 474, 476, where the Court of Errors and Appeals cited regulation 315.2:
"315.2. U.S. Savings Bonds will be issued only in registered form. * * * The form of registration used must express the actual ownership of and interest in the bond and, except as otherwise provided in these regulations, will be considered as conclusive of such ownership and interest."
In the case cited, the court said at page 478:
"By this means individuals, demonstrating circumstances of varying equity, may negate the conditions under which federal credit was pledged, and registration of these bonds no longer can be `considered as conclusive of * * * ownership and interest.'"
Again at page 479, the court stated:
"At the same time, it seems quite clear that the conditions under which these bonds were issued makes registration the sole evidence of ownership * * *."
See, also, Reynolds v. Danko, 134 N.J. Eq. 560, 562.
Since the bonds in this case are registered in the joint names of the parties and registration is the sole evidence of ownership, the plaintiff is not entitled to relief as to them.
I shall sign a judgment in accordance with the above views. *Page 299