16 N.J. Super. 514 (1951)
85 A.2d 218
LENA LOETZSCH CRYSTAL, PLAINTIFF,
v.
EDWIN J.C. JOERG, EXECUTOR OF THE ESTATE OF MARGARET CONLE, DECEASED, DEFENDANT. WILLIAM STEFFEN, PLAINTIFF,
v.
EDWIN J.C. JOERG, EXECUTOR OF THE ESTATE OF MARGARET CONLE, DECEASED, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided November 30, 1951.
*515 Mr. Ralph G. Mesce for the plaintiffs (Mr. William J. Bartholomew, attorney).
Mr. James L.R. Lafferty for the defendant (Messrs. Lindabury, Steelman & Lafferty, attorneys).
FREUND, J.S.C.
The above-entitled cases involve title to five joint bank accounts originally in the name of Margaret Conle, deceased. The cases were tried consecutively as they involve a common question of law and fact, and the same defendant. An order was entered providing that the testimony taken in the Crystal case be available to the court insofar as applicable and relevant to the Steffen case.
Mrs. Conle was elderly. She had been married, but her husband had been missing for a number of years. The plaintiff, William Steffen, was her nephew and his sister, *516 Emily Eastman, was her niece. Mrs. Conle conducted a nursing home in the Town of Belleville. For 20 years the plaintiff, Lena Crystal, had been in her employ at a wage of $15 per week  cleaning, washing, ironing, caring for patients, even firing the furnace. She, too, had been married, but her husband had died. She has a grown daughter who from the time she was ten years of age lived with her mother and the decedent as a member of decedent's household.
The Crystal case concerns title to four bank accounts, three in the name of "Margaret Conle or Lena Crystal" and the fourth in the name of "Margaret Conle and Lena Crystal." Mrs. Crystal claims title as surviving joint tenant and as donee, while the defendant claims title as executor of the estate of Margaret Conle, deceased. Initially, the four accounts were in the name of Margaret Conle and the moneys deposited therein were her funds. However, on October 31, 1949, she changed two of the bank accounts, and on November 9, 1949, a third bank account, from her individual name into joint accounts payable to Margaret Conle or Lena Crystal. Both of them signed appropriate signature cards with the banks, by which it was contracted that the moneys on deposit were to be in their joint names as joint tenants, either having full power to draw any or all moneys on deposit, and on the death of one, the survivor was to take all. On November 15, 1949, the fourth bank account was likewise changed, except that it read "Margaret Conle and Lena Crystal." No further deposits were made in any of the accounts and the only withdrawals therefrom were of accrued interest.
The Steffen case involves title to a bank account in the National Newark & Essex Banking Co., in which on November 9, 1949, there was a balance of $10,118.75. On that day, the same day she changed one of the Crystal accounts, Mrs. Conle changed the account to read "Margaret Conle or William W. Steffen  Joint Account  Payable to either or the survivor." She procured two signature cards from the bank and she signed one; the other she gave to Mrs. William W. Steffen, who had accompanied her to the bank, to take home for her *517 husband's signature. The signature cards were filed with the bank and contain the following contract:
"Either joint owner may make withdrawals during their joint lives. On the death of either, the balance shall be the property of and may be withdrawn by, the survivor subject to New Jersey inheritance Tax law requirements * * *."
When Mrs. Conle returned from the various banks after having changed the accounts as aforesaid, she delivered all the bankbooks to Lena Crystal and they remained in her possession until after Mrs. Conle's death, except for one occasion when they were taken to the banks for the entry and withdrawal of interest; they were promptly returned to Mrs. Crystal and the interest money given to her.
With respect to the account in the joint names of Margaret Conle and William W. Steffen, on April 24, 1950, Mrs. Conle got the bankbook from Mrs. Crystal for the purpose of withdrawing $5,000 with which to purchase a bond as a gift for her niece, Emily Eastman. The accrued interest on the account amounted to $31.25, which added to the previous balance of $10,118.75 made a total of $10,150. Mrs. Conle withdrew the sum of $5,150 and used $5,000 to purchase a bond for Emily Eastman. A balance of $5,000 remained in the joint account. Upon her arrival home, she returned this bankbook to Mrs. Crystal, who testified: "Mrs. Conle told me that she wanted Mr. Steffen to have that bankbook. She said I should put it away with mine and said I should see that he got his and I got mine." On cross-examination, she testified as follows: "Q. Were her exact words, I want Bill Steffen to have it? A. They were. The Court: That is what Mrs. Conle said? A. Yes." Mrs. Conle also gave to Mrs. Crystal the receipt for the bond she had purchased for Emily Eastman and the $150 in cash.
It is settled that
"neither the form nor the content of the account is, in itself, conclusive of the issue of title and ownership. Such interest (if any) as *518 the survivor has in the deposit derives from a gift inter vivos and not from a contract between the co-depositors inter se; and a gift, in turn, derives its legal efficacy solely from the intention of the donor. A donative purpose is an indispensable requisite. * * * A gift of a bank deposit in terms either of common ownership or of joint tenancy is but prima facie evidence of an intention to make a gift in praesenti; and the writing succumbs to proof in quality sufficient to overcome that presumption." Stiles v. Newschwander, 140 N.J. Eq. 591 (E. & A. 1947). In re Perrone, 5 N.J. 514 (1950).
"A joint account, i.e., one entered to the credit of two individuals, is not inevitably to be recognized as inherently a joint tenancy where the moneys deposited belong solely to the one. Some fact or circumstance evidential of a donative intent must be apparent to warrant the inference of a joint tenancy. * * * when the account is opened in the following language `This account and all moneys to be credited in it belong to us as joint tenants and will be the absolute property of the survivor of us; either and the survivor to draw.' * * * there is a clear intent to make a gift in praesenti." Farris v. Farris Engineering Corp., 7 N.J. 487 (1951). Goc v. Goc, 133 N.J. Eq. 206 (Ch. 1943), affirmed 134 N.J. Eq. 61 (E. & A. 1943); Kelly v. Kelly, 134 N.J. Eq. 316 (Prerog. 1944).
None of the facts above recited is seriously disputed by the defendant, but he argues that valid gifts in praesenti were not made by the decedent to the plaintiffs, but rather that she intended to make gifts to take effect after her death, and that the bankbooks were delivered by the decedent to Mrs. Crystal merely for safekeeping.
The testimony of Lena Crystal and of plaintiffs' witnesses was obviously sincere and entirely credible. It was abundantly established from the evidence that the decedent, Margaret Conle, intended to make, and did make, gifts to the plaintiffs of the moneys on deposit in the respective bank accounts. In both cases there was ample motivation therefor. The relationship between the decedent and Lena Crystal was far more than that of employer and employee; it was intimate and devoted. The decedent manifested affection for Mrs. Crystal and a maternal attitude toward her daughter. For her part, Mrs. Crystal in the performance of her duties and by her fealty to the decedent amply repaid the decedent's interest. Over a period of years she worked for the decedent ceaselessly and tirelessly with but slight remuneration. There *519 was, therefore, every justification for the decedent to make a gift to Mrs. Crystal and for her to accept it.
It is also clear from the evidence that Mrs. Conle intended to make a gift of the $5,000 balance in the bank account to her nephew, William Steffen. In addition to the presumption raised by the form of the account, there is ample evidence that she intended to make a gift of the account. From the evidence and the surrounding circumstances, it is quite legitimate to draw the inference that Mrs. Conle was making distribution of some of her property by way of gifts to her next-of-kin and devoted friend. The donative intent of Mrs. Conle toward her nephew is apparent. Corroboration of it is the fact that at or about the same time she made a gift of four bank accounts to Mrs. Crystal and a gift of a $5,000 bond to her niece, William Steffen's sister. Mrs. Crystal testified to a conversation in April, 1950, in which Mrs. Conle said: "Lena. I haven't done anything for Emily Eastman, so I think I am going to take the bankbook and give Emily Eastman $5,000 in a bond and the other $5,000 will be for Bill."
The intention of the decedent to make gifts in praesenti to the plaintiffs was evidenced by her acts and declarations and was established to my satisfaction by clear, cogent and persuasive testimony.
The Steffen case differs from the Crystal case in but one aspect and that is that in the latter the delivery of the bankbooks was made by the decedent directly to the donee, Mrs. Crystal, while in the Steffen case the delivery of the bankbook was made by the decedent to Mrs. Crystal for the donee, William Steffen. The testimony regarding the delivery and possession of the bankbooks is uncontradicted. The question is this  although there was no actual delivery of the bankbook to William Steffen, did the delivery of it to Mrs. Crystal for him constitute constructive delivery? It is, of course, essential to the validity of a gift of personal property that the donor deliver the subject matter to the donee with intent to make a gift and part with all dominion and *520 control over it. The delivery, however, is good if made to another for the donee. Meyers v. Meyers, 99 N.J. Eq. 560 (Ch. 1926); Laing v. Durand, 84 N.J. Eq. 404 (Ch. 1915).
In Rowley v. Bowyer, 75 N.J. Eq. 80 (Ch. 1908), a grantor handed executed deeds to a third party with instructions to deliver them to his son after his death. Vice-Chancellor Leaming held that there was a valid delivery of the deeds and a consequent present transmission of title from the grantor to the grantee co-extensive with the grantor's purpose.
In the instant case, the decedent delivered the bankbook to Mrs. Crystal with directions that she give it to the plaintiff Steffen. This delivery, together with the form of the account and the proof of donative intent already alluded to, establishes that Mrs. Conle made a present gift of the bank account and not one to take effect after her death. All of the proofs and the inferences to be drawn from the surrounding circumstances persuade me that she made a gift in praesenti.
Judgment for plaintiffs.