29 N.J. Super. 3 (1953)
101 A.2d 568
ANIELLO ESPOSITO, ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF ROSE ESPOSITO, PLAINTIFF-APPELLANT,
v.
STELLA PALOVICK ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 23, 1953.
Decided December 11, 1953.
*5 Before Judges EASTWOOD, JAYNE and FRANCIS.
Mr. Virgil J. Lanni argued the cause for the plaintiff-appellant.
Mr. David Schneiderman argued the cause for the defendants-respondents.
The opinion of the court was delivered by EASTWOOD, S.J.A.D.
The plaintiff appeals from an order of the Law Division, Hudson County, holding that certain moneys of a joint bank account in the Commercial Trust Company of New Jersey in the names of Michael Palovick or Stella Palovick were not the property of the defendant Stella Palovick, and vacating the levy theretofore made upon said bank account and releasing same from the lien of the levy issued upon plaintiff's judgment.
A judgment for $6,000 was recovered by plaintiff against the defendants Michael Palovick and Stella Palovick in 1938. Subsequent thereto Michael Palovick was discharged in bankruptcy. In seeking to satisfy part of the judgment, the plaintiff caused a levy to be made upon the joint bank account of $2,582.58, deposited with the Commercial Trust Company of New Jersey, standing in the names of Michael or Stella Palovick. The plaintiff having caused a levy to be made upon the moneys represented by the aformentioned bank account on an execution issued against Stella Palovick, obtained a rule to show cause, directed to Michael Palovick, Stella Palovick and the bank, why these moneys should not be paid over to the sheriff.
At the hearing on the rule, affidavits of Michael Palovick, Stella Palovick and the representative of the bank were offered by the defendants, the plaintiff waiving formal proof *6 and conceding that he was not in a position to controvert the statements made in the affidavits of the defendants, Michael Palovick and Stella Palovick.
The affidavits of Michael and Stella Palovick assert that the account was opened in their joint names as a convenience for the withdrawal of funds; that the defendants had been married 25 years, during which time the wife had no income of any kind; that the moneys deposited in the joint account represented moneys earned by Michael Palovick, except for $1,000 which he had received from his brother; that no part of the moneys in the account were contributed by the wife and they had no other money or bank accounts.
The appellant contends that a third-party claimant of property levied upon, seeking relief from the execution and levy, must institute a plenary action; that an execution creditor takes free of equities and secret liens; that as against a creditor, it is immaterial as to who makes the deposits in the joint account. We are convinced that the only question raised by this appeal that requires our consideration and determination is whether the moneys on deposit in the joint account, or some part thereof, were the sole and separate property of Stella Palovick and, therefore, subject to the lien of the plaintiff's levy.
The appellant contends that one who places money in such joint account whether for convenience or with some other motive, may not retrieve any of the moneys because of it having been withdrawn by his joint depositor or seized by execution creditors; that "the law considers that the one putting the money in such account is making a gift in praesenti to the other, so that the other may withdraw any or all of the money in such an account."
Our research reveals that in considering claims made against a joint account during the lifetime of both joint tenants, the decisive question is as to how the fund came into existence and whether the moneys were deposited by one or both of the joint tenants. Where the proofs establish that a depositor opened a joint bank account with another payable to either or the survivor, merely for convenience of *7 withdrawals and without intent to make an immediately effective gift, by retaining full ownership and absolute dominion over the account, there is no gift in praesenti. In a leading case, Stiles v. Newschwander, 140 N.J. Eq. 591 (E. & A. 1947), wherein there is a learned discussion of the issue involved in this appeal, Mr. Justice Heher, speaking for the Court of Errors and Appeals, stated:
"Neither the form nor the content of the account is, in itself, conclusive of the issue of title and ownership. Such interest (if any) as the survivor has in the deposit derives from a gift inter vivos and not from a contract between the codepositors inter se; and a gift, in turn, derives its legal efficacy solely from the intention of the donor. A donative purpose is an indispensable requisite. * * * A gift of a bank deposit in terms either of common ownership or of joint tenancy is but prima facie evidence of an intention to make a gift in praesenti; and the writing succumbs to proof in quality sufficient to overcome that presumption. * * *
* * * He perceived no evidence of this intent except in the frame of the account. He reasoned thus: `In the instant case, there is no satisfactory evidence except the form of the account itself by which to determine whether' the decedent `had the one intention or the other. Likely, she did not consider the subject. In the absence of proof to the contrary, the form of the account governs, for it shows not only what was done, but presumably what was intended. An account in two names, payable to either one or to the survivor, evidences a gift to take effect in praesenti.' And therein he fell into error. Although finding that in all likelihood the decedent `did not consider the subject' of whether to vest in Albert a beneficial interest in the deposit in praesenti or in futuro merely, i.e. upon her death, the Vice-Chancellor nevertheless held that the shape of the account betokened an intention to make a gift in praesenti, and that intention must therefore be effectuated. * * * (italics ours). * * * Intention is a matter of fact not of formula. The form of the account may raise a rebuttable presumption either of a joint tenancy or of common ownership, indicating an intention to transfer a present beneficial interest to the donee, but it is not a substitute for the intention itself. * * * If, in the absence of evidence contra, the presumptive inference of an intention to make a gift presently effective is drawn from the frame of the deposit, it is one thing; but where the evidence affirmatively shows a contrary intention or no intention at all, one of the essential requisites of a gift inter vivos is wanting.
* * * Words of joint tenancy or of common ownership merely constitute presumptive evidence of an interest by survivorship which stands until overthrown by proof contra. And the second section, applying to savings banks, has reference only to the protection *8 of the bank in the payment of the fund to either of the codepositors, even though the other be dead. Rush v. Rush, supra [138 N.J. Eq. 611]."
Nor is it to be conclusively presumed that one depositing his own funds in a joint account in the names of himself and another has thereby created a joint tenancy in the account.
"A simple compounded joint account might in reasonable probability be intentionally originated and maintained solely for the expediency of the one depositor. A joint account, i.e. one entered to the credit of two individuals, is not inevitably to be recognized as inherently a joint tenancy where the moneys deposited belong solely to the one. Some fact or circumstance evidential of a donative intent must be apparent to warrant the inference of a joint tenancy. Kelly v. Kelly, supra, 134 N.J. Eq. [316], page 320 and the cases cited there. Cf. Meyer v. Meyer, 124 N.J. Eq. 481 (Ch. 1938)." Farris v. Farris Engineering Corp., 7 N.J. 487 (1951), at page 501.
In the case of Crystal v. Joerg, 16 N.J. Super. 514 (Ch. Div. 1951), the Chancery Division judge stated at pages 517, 518:
"It is settled that
`neither the form nor the content of the account is, in itself, conclusive of the issue of title and ownership. Such interest (if any) as the survivor has in the deposit derives from a gift inter vivos and not from a contract between the codepositors inter se; and a gift, in turn, derives its legal efficacy solely from the intention of the donor. A donative purpose is an indispensable requisite. * * * A gift of a bank deposit in terms either of common ownership or of joint tenancy is but prima facie evidence of an intention to make a gift in praesenti; and the writing succumbs to proof in quality sufficient to overcome that presumption.' Stiles v. Newschwander, 140 N.J. Eq. 591 (E. & A. 1947). In re Perrone's Estate, 5 N.J. 514 (1950).
`A joint account, i.e., one entered to the credit of two individuals, is not inevitably to be recognized as inherently a joint tenancy where the moneys deposited belong solely to the one. Some fact or circumstance evidential of a donative intent must be apparent to warrant the inference of a joint tenancy. * * * when the account is opened in the following language `This account and all moneys to be credited in it belong to us as joint tenants and will be the absolute property of the survivor of us; either and the survivor to draw.' * * * there is a clear intent to make a *9 gift in praesenti.' Farris v. Farris Engineering Corp., 7 N.J. 487 (1951). Goc v. Goc., 133 N.J. Eq. 206 (Ch. 1943), affirmed 134 N.J. Eq. 61 (E. & A. 1943); Kelly v. Kelly, 134 N.J. Eq. 316 (Prerog. 1944)."
We do not find that the cases relied upon by the appellant are analogous. To illustrate, in the case of Dover Trust Co. v. Brooks, 111 N.J. Eq. 40 (Ch. 1932), an attachment was issued against a joint account in the names of husband and wife. The deposits made in and the drafts against the joint account were made by both husband and wife, although in unequal amounts. The court held that half of the fund should be paid to the judgment creditor and the other half to the wife, the decisive factor being that the husband and wife both had contributed to the account even though their contributions were unequal. Also, in the case of New Jersey Title Guarantee & Trust Co. v. Archibald, 91 N.J. Eq. 82 (E. & A. 1919), cited in the appellant's brief, as authority for the proposition that it is immaterial who makes deposits into the joint account. It is to be noted, however, that the issue in that case arose after the death of one joint depositor, between her executor and the surviving joint tenant. The court properly ruled that upon the death of one joint tenant, the undrawn moneys belong to the survivor, regardless of how the fund was created. Similarly, in the case of Norcross v. 1016 Fifth Avenue Co., Inc., 123 N.J. Eq. 94 (Ch. 1938), joint accounts opened in the names of husband and wife, were attached by a judgment creditor of the wife. The husband claimed the moneys in the account were his and that his wife's name was placed on the accounts as a convenience to deposit his money therein, and for her to withdraw moneys therefrom to pay his insurance premiums and household expenses. However, the husband had sworn in a bankruptcy proceeding which he initiated before the accounts were opened, that he had no bank account or any interest in any bank account. The court in denying his claim to the bank accounts, concluded that the husband had not submitted evidence that was either clear or persuasive in support of his claim. Nor is the case *10 of Samuel D. Wasserman, Inc., v. Klahre, 24 N.J. Super. 143 (App. Div. 1952), any support for the position taken by the appellant. In that case, the bank account levied upon was in the name of one Russ S. Candrilli alone, but it was contended that actually the moneys in the Candrilli account were received by Candrilli for the payment of checks delivered to Candrilli for the purpose of making payment of certain mechanics' lien claims and, therefore, they were trust funds for the payment of the obligations of Candrilli for labor and material. It is true, of course, as argued by the appellant, that presumptively, as to third parties, the bank account is the absolute property of the person in whose name it stands unless the account is entitled in such way as to suggest that other parties have an interest in it. In fact, in the Wasserman case, the court held:
"The mingling of the fund with other monies in Candrilli's general bank account did not destroy plaintiffs' interest in the fund. General Motors Acceptance Corp. v. Larson, 110 N.J. Eq. 305 (Ch. 1932); In re Kountze Bros., 79 F.2d 98; 102 A.L.R. 367 (2 Cir., 1935). But presumptively, as to third persons, a bank account is the absolute property of the person in whose name it stands, unless the account is entitled in such a way as to suggest that other parties have an interest in it. The interest that plaintiffs actually had in the account was at most an undisclosed equitable lien. * * *"
In the present case, however, there were no undisclosed equitable or secret liens. The account was a joint account in the names of Michael or Stella Palovick, and Michael Palovick's interest therein was not an undisclosed interest. In view of that situation, the presumption of a gift in praesenti was merely a rebuttable presumption, and under the uncontroverted proofs here it was convincingly established that Stella Palovick did not have any right or title to said moneys or any part thereof. See Rush v. Rush, 138 N.J. Eq. 611 (E. & A. 1946); Fruzynski v. Radler, 23 N.J. Super. 274 (App. Div. 1952).
"The burden rests upon plaintiff to prove that the moneys thus deposited are the individual property of the judgment *11 debtor, and therefore applicable to the satisfaction of the judgment; * * *." Winchell v. Clayton, 133 N.J.L. 168 (Sup. Ct. 1945).
Under the proofs here we are satisfied that the Law Division reached the right result when it held that the deposit in the joint account did not represent any of the moneys of Stella Palovick.
Affirmed.