Opinión de conformidad en parte y disidente en parte emitida por el
Juez Asociado Señor Fuster Berlingeri.
Estoy conforme con lo dispuesto concretamente por la mayoría del Tribunal en el caso de autos de que éste se devuelva al foro de instancia para que allí se dilucide, en una vista evidenciaría, a quién pertenecen específicamente los fondos depositados en la cuenta de ahorros embargada que aquí nos concierne.
También estoy conforme con la norma medular que se establece en este caso de que un acreedor, en aseguramiento de una posible sentencia a su favor, puede embargar una cuenta bancaria conjunta, perteneciente a su deudor y a un tercero, hasta el monto del interés que tenga el deudor en dicha cuenta.
Con lo que no estoy de acuerdo es con la norma subsidiaria que decreta la mayoría del Tribunal en este caso de que el peso de probar cuánto de los fondos depositados en la referida cuenta bancaria pertenece al deudor recae sobre los depositantes titulares de la cuenta en cuestión.
La mayoría reconoce en su opinión que en algunas jurisdicciones en Estados Unidos —de donde se toma la ñor *720 mativa adoptada en este caso— se ha dispuesto que el peso de probar cuánto de los fondos en la cuenta bancaria pertenece al deudor recae sobre el embargante. Sin embargo, la mayoría del Tribunal no acoge esta postura y opta más bien por que sean los depositarios titulares de la cuenta los que tengan el peso de probar lo que les pertenece a cada uno de ellos. La mayoría justifica su opción señalando que dichos depositarios son quienes están en mejor posición para establecer cuánto de dicha cuenta bancaria le pertenece a cada cual.
La postura referida de la mayoría del Tribunal parece razonable, y lo sería si lo que estuviésemos pautando fuese un esquema jurídico favorable a acreedores embargantes. Pero obviamente tal no es nuestra función.
La posición de la mayoría sobre quién debe probar la titularidad de los fondos tiene la dificultad, para comenzar, que necesariamente involucra en el asunto a una parte que nada tiene que ver con la relación contractual entre el acreedor y el deudor disputante. Se pretende obligar a un tercero, que no le debe nada a ninguna de las partes, a inmiscuirse en la disputa, lo que para mí es improcedente.
Más aún, la imposición al deudor del deber de establecer cuánto le pertenece de los fondos de la cuenta bancaria embargada por el acreedor es contraria al régimen procesal que impera en nuestro ordenamiento jurídico conforme al cual la obligación de presentar evidencia sobre los elementos esenciales de una reclamación le corresponde al reclamante. Véase Regla 10(B) de Evidencia de Puerto Rico, 32 L.P.R.A. Ap. IV. Véanse, además: Colón v. Lotería, 167 D.P.R. 625 (2006); Asoc. Auténtica Empl. v. Municipio de Bayamón, 111 D.P.R. 527, 531 (1981); E.L. Chiesa, Tratado de derecho probatorio: Reglas de Evidencia de Puerto Rico, Santo Domingo, Ed. Corripio, 1998, T. II, págs. 1094-1095. En casos como el de autos, un reclamante interesa cobrar una deuda de un supuesto deudor y asegurar su reclamación mediante el embargo de unos fondos de éste. *721 En correcto orden procesal, le corresponde al reclamante precisar los fondos que embargará. No puede pretenderse que se obligue al deudor a identificar para el reclamante los fondos que éste interesa embargar.
La Regla 56.1 de Procedimiento Civil de Puerto Rico, 32 L.P.R.A. Ap. III, que establece los principios generales relativos a asegurar la efectividad de una sentencia, es la fuente directa que autoriza el embargo de fondos como los del caso de autos, y exige que remedios como el del embargo en cuestión respondan siempre a los requerimientos de “la justicia sustancial”. Para mí es claro que esa alta exigencia se atiende en casos como el de autos, fijándole al embargante la responsabilidad de identificar concretamente los fondos en cuentas bancarias que interesa embargar, como se hizo en Esposito v. Palovick, 101 A.2d 568 (N.J. 1953), y en Winchell v. Clayton, 43 A.2d 267 (N.J. 1945).
Como la mayoría del Tribunal opta por otro curso de acción en cuanto a la cuestión discutida antes, que para mí no es imparcial u objetivo, yo DISIENTO.