FRED B. HALLIDAY *vs.* RHODE ISLAND CO.

JULY 3, 1919.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Stearns, and Rathbun, JJ.

*(1)   Negligence.   Electric Railways.   Last Clear Chance.*

Where a motorman of an electric car sees a person on or approaching the track he ordinarily has a right to act on the assumption he is in possession of his faculties and will exercise reasonable care and in such case the motorman is not bound to anticipate that such person will stay on or get on the track and to take steps to avoid injuring him, by slackening the speed or stopping the car until it becomes reasonably apparent that he cannot or will not get out or keep out of the way and if in view of his right to act on such assumption the motorman exercises reasonable care and caution to warn such person of his peril and to slacken the speed or if necessary stop the car in time to avoid injuring him, but is unable to avert an accident by reason of such person's remaining on or near the track the carrier is not liable for the resulting injuries.

*(2)   New Trial.   Last Clear Chance.   Review of Decision of Presiding Justice.*

Where a case was submitted to a jury upon the question, among other issues, of the last clear chance, which was not involved in the case, and the court cannot determine from the rescript of the justice on which phase of the case he sustained the verdict, the plaintiff's testimony on the question of due care being unsupported, a new trial will be ordered, the decision of the court if based on the theory of the last clear chance adding nothing to the verdict.

TRESPASS ON THE CASE for negligence.   Heard on exceptions of defendant and sustained.

RATHBUN, J.   This is an action of trespass on the case for negligence to recover for personal injuries and damage to an automobile.   The trial resulted in a verdict for the plaintiff for four hundred and ninety dollars.   The defendant filed a motion for a new trial which was denied by the trial court and the case is before us on defendant's exception to the ruling of the trial court refusing to direct a verdict for the defendant;   also on exception to the decision of said court denying defendant's motion for a new trial made on the grounds that the verdict is against the law and the evidence and the weight thereof.

The defendant's street car collided with plaintiff's automobile, east of Traverse street on Tockwotten street, in the city of Providence.   The car track is located in the middle of Tockwotten street, which runs approximately east and west.   The plaintiff turned his automobile from Benefit street into Tockwotton street and drove toward the east, with the wheels of his automobile running in the car track. He proceeded driving in the car track about half a block when he saw the street car about a block and a half away coming toward him "at a pretty good rate of speed."   The car track was wet with water and slush.   According to the testimony of the plaintiff he immediately turned the front wheels of his automobile to the right at an angle of 22½ degrees and endeavored to drive out of the car track but although he had chains on the rear wheels and held the front wheels at an angle of 22½ degrees with the car rail the automobile, proceeding about ten miles an hour, went about one hundred feet, passing over two switches in the track before the plaintiff succeeded in driving the front wheels of his automobile out of the car track.   When the automobile was partially off the track the electric car collided with the left hand side of the automobile.

Henry J. Lattimer, the motorman in charge of the electric car, testified that he made a stop at Brook street, which is about three hundred feet from Traverse street, and when he first saw the automobile it was coming toward the car

and running on the south side of Tockwotton street so near the track that there was not room for the electric car to pass although no part of the automobile was on the track, and that the car and automobile were about two hundred feet apart. According to the testimony of the motorman he immediately shut off the power when he first saw the automobile but did nothing more to stop the car. After the car had coasted about fifty feet and was about one hundred feet from the automobile he put on his brakes because he saw that the automobile was proceeding in the same close proximity to the car track. The application of the brakes causing the car to slide, he let off the brakes to release the wheels, put the brakes on again, rang the bell and put on the reverse. The car slid a short distance with the power reversed. He testified that when he saw an accident was imminent he did all he could do to avoid the collision.

The plaintiff argues that inasmuch as the trial court denied the defendant's motion for a new trial the rule laid down by this court in the case of *Wilcox* v. *Rhode Island Co.*, 29 R. I. 292, should be applied to this case and a new trial refused.

The rule referred to is concisely stated in the syllabus of said case as follows : "Where the evidence is conflicting and the *nisi prius* court has overruled a motion for a new trial, grounded upon the insufficiency of the evidence, the appellate court will not interfere where there is nothing to show that the jury were governed by any improper motives or that the trial judge erred in the performance of his duty."

The case was submitted to the jury on the usual questions of negligence and contributory negligence and also on the question of the last clear chance.

(1)    In considering the question of liability under the doctrine of the last clear chance we observe that there was no conflict in the evidence as to what the motorman did to stop the car when it became evident that the plaintiff might not yield sufficiently to allow the car to pass. The motorman relates in detail what he did and testifies that he did every-

thing he could do to avoid the accident. His testimony is consistent and reasonable. It is the only evidence bearing on this question. This testimony is not impeached by any physical facts or "by circumstantial evidence either intrinsic or extrinsic" and therefore must be taken to be true. *Gorman* v. *Hand Brewing Co.*, 28 R. I. 180; *Murray* v. *Pawtuxet Valley St. Ry. Co.*, 25 R. I. 209. He did all that the law required of him and there is no liability under the doctrine of the last clear chance. *Winn* v. *Union R. Co.*, 82 Atl. Rep. (R. I.) 81. The rule is clearly stated in 36 Cyc. p. 1517, as follows : "Where the driver or motorman of a street car sees a person on or approaching the track in advance of his car, he ordinarily has a right, in operating his car, to act upon the assumption that such person is in possession of all his faculties, as that he is of sound mind and has good hearing and eyesight, and that he will see the approaching car, or will hear and heed the bell or gong when sounded, and will exercise reasonable care for himself and will get off or stay off the track until the car passes; and in such a case the driver or motorman is not bound to anticipate that such person will stay on or get on the track, and to take steps to avoid injuring him, by slackening the speed or stopping the car, until it becomes reasonably apparent, that he cannot or will not get out or keep out of the way; and if in view of his right to act on such assumption the driver or motorman exercises reasonable care and caution to warn such person of his peril and to slacken the speed or if necessary stop the car in time to avoid injuring him, but is unable to avert an accident, by reason of such person's suddenly going upon or near the track, the street railroad company is not liable for the resulting injuries."

There is no corroboration of plaintiff's testimony relative to the most extraordinary feat performed, as he says, by his automobile in sliding one hundred feet on the car rails when he was attempting to drive out of the car track. The plaintiff did not look to see whether a car was approaching when he drove on and proceeded to drive in the car track.

He drove some distance before he looked. Had he looked when he first came upon the track he would have had a clear view of Tockwotton street for at least a block beyond the point where he first observed the car. There was no traffic in the street and nothing to prevent the plaintiff from driving on either side of the car track. No exception was taken to the charge of the court submitting the case to the jury on the question of the last clear chance. The justice considered this question was an issue in the case otherwise he would not have submitted the question to the jury. In his rescript he gives no reasons for his decision denying defendant's motion for a new trial therefore we cannot determine on which phase of the case he sustained the verdict. If his decision was based on the theory of the last clear chance his approval, of course, adds nothing to the verdict. *Winn* v. *Union R. Co., supra.*

As the question of the last clear chance was a prominent feature of the charge and in view of the plaintiff's unsupported testimony bearing on the question of due care, we are of the opinion, after a careful examination of the evidence, that the defendant did not have a fair trial.

Defendant's first exception is overruled.

Defendant's exception to decision of trial court denying defendant's motion for a new trial sustained and case remitted to the Superior Court for a new trial.

*Waterman & Greenlaw, Charles E. Tilley,* for plaintiff.
*Clifford Whipple, Alonzo R. Williams,* for defendant.