Edward C. Stiness, Admr.
vs.
Ann Brennan, et al
Eq No. 9990

January 9, 1931.

BLODGETT, P. J. Heard upon bill, answer and proof.

Bill brought by complainant as administrator c. t. a. of Susan Murtagh, to compel return of a bank book evidencing a deposit in the Citizens Savings Bank of Providence to himself as administrator.

Susan Murtagh, deceased, at the time of her death had deposits in three savings banks as shown by three bank books, about $11,000 altogether. October 16, 1925, deceased, being about to go to Ireland, left the bank book in question with her niece, the respondent Ann Brennan, after drawing out on that day $200, the book at that time showing a balance of $3,213.19. Two days later Susan Murtagh sailed for Ireland where she deceased March 18, 1929, leaving a will.

At the time of her death she was living with a nephew, Joseph Diffley, to whom she left practically all her estate. In this will she makes mention of the pass-book of the Citizens Savings Bank, the Rhode Island Hospital Trust Co. and the Providence Institution for Savings.

The evidence shows that deceased accumulated this money while employed as a servant; that she was on intimate terms of friendship with the respondent, and at certain periods lived at the home of respondent. There is no evidence that her relations with respondent changed up to the time of her death. Deceased had also on a previous trip to Ireland left the bank book in question in care of respondent.

Respondent testifies that previous to the last trip to Ireland deceased left the pass-book in question with her, at the time saying: "I want you to have this money for your kindness to me of thirty years." It also appears that the mother of respondent was a sister of deceased, and that deceased after the death of her sister, when respondent was thirteen years of age, had taken care of respondent. It also appears that during the thirty years deceased was at service and accumulating this fund, she spent her vacations and her days off duty at the home of respondent and that their relations were very cordial and familiar. There is also evidence by respondent that deceased offered to have said pass-book transferred to respondent. It also appeared that deceased left the other two pass-books with one Michael Casey, who has turned them over to the administrator.

Respondent further testified that at the time of the delivery of the book to her, she told deceased that if she,

deceased, ever needed any money that the latter would let her know and she, respondent, would send her some. Blank orders were afterward sent by deceased to respondent, who made two withdrawals from the fund, one on May 7, 1926 of $277, and one on December 26, 1928 of $312.24, which were sent to deceased.

To make a gift, inter vivos, valid of a pass-book, all the surrounding circumstances should show the same to be a natural act on the part of the donor, and one that was caused by affection based upon some good ground.

An actual written assignment of a pass-book is not necessary to establish a valid gift.

> *Pierce* vs. *Boston Five Cent Savings Bank*, 129 Mass. 425;
> *Marston* vs. *Industrial Trust Co.*, 107 Atl. 88.

In the opinion of the Court the evidence shows a valid gift of the pass-book and its contents to respondent. Deceased left this particular book with respondent for some purpose, and never withdrew the same, and though she made two withdrawals they were not made for any specified amount, but were left to the discretion of the respondent as to the amount withdrawn. In other words, respondent exercised some dominion over the account. The act of the deceased was a natural one in giving this money to respondent, and based upon a sufficient consideration.

Prayer and bill denied.

Decree may be entered in accordance with the prayer of the answer to said bill.

For plaintiff: Francis J. O'Brien.

For defendants: Arthur L. Conaty, Henshaw, Lindemuth & Baker.