NEWTON, ADMINISTRATOR *v*. NEWTON

[No. 27,852.   Filed April 1, 1943.]

*Luckett & Luckett,* of English, for appellant.

*Samuel A. Lambdin,* of English, and *William F. Dudine,* of Jasper, for appellee.

FANSLER, J.—Mary E. Newton had $1,000 on deposit in the English State Bank, represented by a certificate of deposit payable to her order six months after date. On June 24, 1936, she surrendered her current certificate and took a certificate reciting that Mary E. Newton and Howard Newton had deposited $1,000,

payable to the order of either six months after date. Thereafter, at approximately six-month intervals, this certificate and its successors were indorsed either by Mary E. Newton or Howard Newton, the interest collected, and a new certificate issued to them jointly. On June 1, 1940, Mary E. Newton died. Immediately thereafter Howard Newton indorsed the current certificate and withdrew $250, which was used for payment of the funeral expenses of Mary E. Newton, and for the balance took a certificate for $750 in his own name. Howard Newton was a son of Mary E. Newton. James R. Newton, another son, was appointed administrator of the estate of Mary E. Newton and brought this action to recover the $750 represented by the last certificate of deposit issued to Howard Newton. There was a trial by jury and a verdict and judgment for the defendant.

Error is predicated upon the overruling of a motion for a new trial, and all questions presented by that motion are waived except the sufficiency of the evidence to support the result reached below.

The evidence most favorable to the appellee discloses that the various certificates of deposit which were payable to the order of either Mary E. Newton or Howard Newton were sometimes in the possession of Mary E. Newton and sometimes in the possession of Howard Newton; that Howard Newton cashed the certificates on some occasions and received the interest and a new certificate payable to the order of either of them for the principal amount; that Mary E. Newton said on various occasions that she had given the money to Howard; that the money was in the bank and was his to do with as he pleased; that she delivered the first joint certificate to Howard; that she kept it part of the time, and that if he was busy she would take it

and draw the interest. Mrs. Newton told one of the witnesses that she had things fixed the way she wanted them; that she had given the land to the boys, two of her grandsons, and that the money in the bank was Howard's. She said Howard had moved over and stayed on the place and took care of things for three years, and she did not want the witness to think hard of her for giving the money to Howard. The certificate of deposit was in Mrs. Newton's possession when she died.

The appellant contends that the evidence conclusively shows that at the time of her death Mrs. Newton was in the exclusive possession of the certificate of deposit; that the money was hers in the first instance, and that there was no completed gift *inter vivos* because the donor had not parted with title and possession, and that dominion and control of the fund represented by the certificate had not been parted with by the donor beyond recall. Similar cases have arisen in other jurisdictions, and many of them are collected in exhaustive notes in 48 A. L. R. 200 and 66 A. L. R. 888. The questions presented in these cases have been resolved on various theories. The facts in each case seem to differ, and none of the facts are exactly paralled with the case at bar. Most of the cases have been disposed of upon the gift theory, and the result has turned upon the determination of the court as to whether there had been a completed gift, while other courts seem to have concluded that a completed gift is not essential to the vesting of sole title in the survivor.

The facts before us seem to show a completed gift *inter vivos*. Mrs. Newton caused the certificate of deposit to be issued in their joint names, payable to either, and there is evidence that she delivered the first of these certificates to her son, Howard; that she

told numerous witnesses that she had given the money to Howard to do with as he pleased. There is evidence that at times he in effect cashed the certificates, taking the interest, and reinvesting the principal in a new certificate payable to himself and his mother. He might have taken the principal on these occasions and disposed of it as he saw fit. At such times at least he had full control and possession of the gift. There is evidence that he retained these certificates most of the time, but that when he was busy and could not attend to the matter his mother acted for him in collecting the interest and renewing the certificate. This evidence justified the jury in concluding that, upon the issuing of the first joint certificate and its delivery to her son, Howard, there was a completed gift, and that on the occasions thereafter, including the occasion of her death, when Mrs. Newton had possession of the certificate it was merely as the agent of her son, Howard.

Judgment affirmed.

NOTE.—Reported in 47 N. E. (2d) 614.