This is the husband's appeal from a decree of the Court of Chancery directing him to pay to his wife, the complainant below and respondent here, the sum of $1,712.70.
Jennie Goc and John Goc were married in 1931. Their education, business knowledge and command of the English language are limited. She was employed as a factory hand and domestic servant, he as a laborer. At the time of their marriage, the husband had a savings account in his name in the Passaic National Bank. In 1939 the account was changed to "John Goc or Jenna Goc." The husband then affixed his mark and fingerprints to, and the wife signed, a signature card which bore the following: "This account and all money to be credited to it belongs to us as joint tenants and will be the absolute property of the survivor of us, either and the survivor to draw."
In 1942 dissension arose and John Goc withdrew the balance in the account amounting to $3,425.41 and therewith opened an account in a different bank in his name alone. The bill of complaint sought to recapture so much therefrom as Jennie Goc was legally entitled to.
The evidence was in conflict, the husband testifying that most of the money in the account was from his earnings; that the reason for the addition of the wife's name was "because she said to me that she is just like a servant here and she is afraid if I was killed she would not get any moneys after my death." He also testified "I said to her that she can withdraw that money; that if anything ever happened to me or else if I ever get killed; and before death she could not withdraw, because I earned it." In an affidavit filed in the cause he said, inter alia: "I never intended, however, to have it considered as a gift to her since I always had control over the bank book. It was more a matter of convenience, since we were husband and wife. I told her that I was saving *Page 63 
the money for our future security in the event of unemployment, sickness, or other similar occurrences and that if I died she would not have to go on relief, and also she could have thebenefit of my savings while we were man and wife." (Italics ours.) The italicized portion corroborates the wife's testimony of what the purpose was in adding her name to the account, as stated by her husband: "He said he wanted to put me half the money and half himself, partners. He said to put me half the money and half himself, half and half, partners." We agree with the learned Vice-Chancellor's judgment in accepting the wife's version and disregarding the husband's version that the account was changed as "a matter of convenience" and with his characterization of the husband's testimony as unconvincing and an afterthought.
This is the first occasion upon which this court has had presented to it a dispute between the original parties to a joint account. That fact distinguishes the present litigation from such cases as Morristown Trust Co. v. Capstick, 90 N.J. Eq. 22;affirmed, 91 N.J. Eq. 152, to cite but one of many, where the contest was between the survivor and the representative of the deceased party named in the account. Many of the rules established by those cases are, however, applicable to the casesub judice.
In New Jersey Title Guarantee and Trust Co. v. Archibald,91 N.J. Eq. 82, the Court of Errors and Appeals had before it an account opened in the identical language that appears on the signature card in the instant case. The court held that such language "exhibited a donative purpose from the donor to donee (not one merely for use and convenience of the donor) and hence constituted a valid gift." By its terms the contract with the bank described the relationship between Mr. and Mrs. Goc as that of "joint tenants." There is no legal impediment to the creation of a joint tenancy in personal property, and when created, it has the same attributes as a joint tenancy in real estate; one of which is that where there are two joint tenants, each has an undivided moiety of the whole. 4 Kent Comm. *360. When Mr. Goc withdrew the balance of the joint account he severed the unities of interest and possession, thereby making himself a tenant in *Page 64 
common of the funds to the extent of his half interest therein and he held the equal share of Mrs. Goc as her agent or trustee.Steinmetz v. Steinmetz, 130 N.J. Eq. 176.
It is stated in appellant's brief that the situation is controlled by the statute, R.S. 17:9-5:
"When a deposit has been, or shall be, made in any bank or trust company transacting business, in this state in the names of two persons, payable to either, or payable to either or to the survivor, the balance or any part thereof to the credit of said account including interest or dividends thereon may be paid to either of said persons during the life of both and in case of the death of either of said persons the balance to the credit of said account including any dividends or interest thereon shall be paid to the survivor, and the legal representatives of the one dying shall not have any claim or right thereto notwithstanding that such balance or any part thereof may have been the property of the one dying."
So much of the statute as reads:
"When a deposit has been, or shall be, made in any bank or trust company transacting business in this state in the names of two persons, payable to either, or payable to either or to the survivor, the balance or any part thereof to the credit of said account including interest or dividends thereon may be paid to either of said persons during the life of both."
is merely to protect the bank when it disburses funds upon the signature of one of the two persons entitled to draw. Its passage changed no existing rule of law.
The balance of the statute, so far as the account here dealt with is concerned, goes no farther than to affirm by legislative enactment the common law rule that upon the death of one of two joint tenants, the survivor takes. We reserve the question of the effect of R.S. 17:9-5 upon a deposit in the name of two persons which is not a joint tenancy since that question is not now before us.
The decree under appeal is affirmed, with costs.
For affirmance — THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 14.
 For reversal — None. *Page 65