HUDSON CITY SAVINGS BANK, a corporation of the State of New Jersey, complainant,

*v.*

GEORGE HAVEMEYER, executor of the last will and testament of Fredericka Klosterman, deceased, defendant-appellant, and MARIE REIMERS, administratrix of the estate of Mary Reimers, deceased, defendant-respondent, and FRITZ REUTER ALTENHEIM, a corporation of the State of New Jersey, and the STATE OF NEW JERSEY, defendants.

[Submitted May 21st, 1946. Decided January 17th, 1947.]

*Mr. Rudolph Schroeder* (*Mr. Julius Lichtenstein,* of counsel), for the appellant, George Havemeyer, executor.

*Mr. Nathan Reibel,* for the respondent, Marie Reimers, administratrix.

The opinion of the court was delivered by

COLIE, J.

George Havemeyer, executor of the estate of Fredericka Klosterman, appeals from a decree advised by the Chancellor, awarding a savings account in the Hudson City Savings Bank to Marie Reimers, administratrix of the estate of Mary Reimers, deceased.

Hudson City Savings Bank filed a bill of interpleader in the Court of Chancery joining as defendants, George Havemeyer, executor of the estate of Fredericka Klosterman, deceased; Fritz Reuter Altenheim, a corporation of the State of New Jersey; Marie Reimers, administratrix of the estate of Mary Reimers, deceased, and the State of New Jersey. Briefs were filed on behalf of Marie Reimers, administratrix, and Havemeyer, executor of the estate of Fredericka Klosterman. No briefs were filed on behalf of the Fritz Reuter Altenheim or the State of New Jersey.

The facts disclose that Fredericka Klosterman opened an account in the Hudson City Savings Bank on January 2d, 1912, in her name alone. On January 1st, 1913, the balance then in the account, amounting to $220.40 was transferred from the ledger book to a ledger card, the latter reading "Fredericka Klosterman or Mary Reimers." The account bears number 24632 and stamped on the ledger card is the legend "either *and* the survivor to draw." The signature cards for this account each bear the legend "either *or* the survivor to draw." At the final hearing, there were introduced in evidence six withdrawal slips on this account, five of which bore the signature of Fredericka Klosterman, the withdrawals made by her amounting to $3,250 and one withdrawal slip signed by Mary Reimers for $100. There were also introduced in evidence eleven deposit slips, no one of which is in the handwriting of Mary Reimers, although her name appears on three of them. Of the eleven deposit slips, five bear the signature of Fredericka Klosterman. The remaining five deposit slips bear Mrs. Klosterman's name, but not in her handwriting.

Mary Reimers died in 1940. She was the daughter of Fredericka Klosterman. From 1915 when Mr. Klosterman died, his widow made her home with her daughter, Mary Reimers, and continued so to do until 1931 when she applied to enter the Altenheim. At that time, the passbook was delivered to the matron of the Altenheim for safe-keeping. It remained in the custody of the matron until Mrs. Klosterman's death on December 7th, 1933, when it was delivered to the executor of Mrs. Klosterman's estate. From the latter

date until August 30th, 1940, when Mary Reimers died, she made no request or demand for the passbook. Her daughter, Marie Reimers, first learned of the existence of the account through a newspaper advertisement some time in 1944. Prior to the entrance of Mrs. Klosterman into the Altenheim, she executed a will in which she left her estate to the Altenheim.

The claim of Havemeyer as executor of the Klosterman estate is grounded upon the second paragraph of the will, wherein the testatrix left her entire estate to the Altenheim. The claim of Marie Reimers as administratrix is grounded upon the theory of a gift *inter vivos*. It is settled law that three elements must be proved to establish a valid· gift *inter vivos:* donative intent, actual delivery and a stripping by the donor of ownership and dominion. *Bankers Trust Co.* v. *Bank of Rockville, 114 N. J. Eq. 391; Lester* v. *Guenther, 134 N. J. Eq. 53.* In the present case there was no direct evidence that Mrs. Klosterman intended to make a gift of the bank account, or any part thereof, to her daughter. There was an offer of evidence on behalf of Havemeyer of the written application for admission to the Altenheim and also an offer of evidence as to declarations made by Mrs. Klosterman which, if the offer had not been rejected by the court below, would have had great weight in establishing that there was no donative intent. We think that the exclusion of this evidence offered by respondent was erroneous but there is no occasion to send the cause back in order to correct that error for the reason stated below.

Mrs. Klosterman's act in delivering the pass-book to the matron of the Altenheim for safe-keeping where it remained from 1931 to 1933, during which period she withdrew funds from the account, is incompatible with a gift to her daughter. The additional fact that no attempt was made by Mary Reimers to obtain possession of the pass-book during the seven years that elapsed between her mother's death in 1933 and her own death in 1940 is persuasive evidence that the deceased daughter claimed no ownership in the moneys on deposit. In short, we find that the evidence does not support a finding that Mrs. Klosterman made a gift of the account or any part thereof to her daughter, Mary Reimers.

The decree under appeal is reversed, with costs, and the cause remanded to the end that a decree may be entered awarding the fund·in question to George Havemeyer, executor of the estate of Fredericka Klosterman.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, COLIE, WACHENFELD, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, McLEAN, JJ.   14.