The first cause of action set forth in the amended complaint alleges that two tracts of land in Clifton, New Jersey, were conveyed to Americk and Tessie Forsatz in 1923 subject to a mortgage of $4,000 held by one Peter Dahlen. In 1930 Americk Forsatz died and in 1933 his widow, Tessie, married Martin Bremus, the plaintiff. In 1941 Dahlen demanded payment of the mortgage, whereupon Tessie Bremus and her son, Emil Forsatz, without plaintiff's knowledge or consent, took $3,000 from a cedar chest belonging to him and used it to pay off the mortgage which was thereafter cancelled of record. Upon learning thereof, plaintiff demanded security for the $3,000 and it is alleged that Tessie Bremus agreed to leave him the property by her will, but that she died testate in 1947, bequeathing plaintiff the sum of five dollars and devising the residue of her estate, which included the land in Clifton, to the defendants, John and Emil Forsatz. Plaintiff demanded that he be subrogated to the rights of the mortgagee to the extent of his money unlawfully taken and used to discharge the mortgage. The demand was refused and the prayer of the complaint is that the court specifically enforce the agreement of Tessie Bremus to devise the property to him, or in the alternative that the court reinstate the mortgage and subrogate him to the rights of the mortgagee. By way of a second cause of action, plaintiff alleged that a savings account was opened in the Clifton National Bank prior to October 29, 1945, in the joint names of Tessie or Martin Bremus "either or the survivor to draw," that the moneys deposited therein were his, that on the last mentioned date Tessie Bremus, without his consent withdrew the then balance of $1,767.81 and converted the same to her *Page 438 
use. The prayer is that the court impress a trust on the money so withdrawn and that the executors of Tessie Bremus be ordered to pay the amount thereof to plaintiff. After taking testimony, the court below entered judgment reviving the cancelled mortgage and subrogating the plaintiff to the rights of the mortgagee to the extent of $3,060 with interest from March 14, 1941. As to the savings account, judgment went in favor of plaintiff against the executors of Tessie Bremus for $880.90.
Appellants seek a reversal of the judgment reinstating the mortgage and subrogating the plaintiff therein on the ground that the court below erroneously permitted plaintiff to testify to transactions with and statements of the decedent in violation ofR.S. 2:97-2. Through witnesses other than the plaintiff, there was testimony that when Dahlen demanded payment of the $4,000 mortgage, Mrs. Bremus told him on March 13, 1941, that she could pay but $3,000 which she was to obtain from her sister or sister-in-law and he agreed to accept the $3,000 and surrender the mortgage and that the next day she gave him a cashier's check of the Clifton National Bank for $3,060 dated March 14, 1941. A Mrs. Redling testified that Mrs. Bremus subsequently told her that she, Mrs. Bremus, had the money at home to pay off the mortgage. Plaintiff testified that shortly after the mortgage was paid off, he discovered that a cedar chest in his possession had been broken open and $3,000 which he kept therein was gone, and that Emil Forsatz, a defendant herein, told him that the mortgage had been paid off. On the stand, Emil Forsatz testified that he did not know from what source the money came. The sister-in-law, said to have supplied the funds, was not called as a witness. From the above epitome, it is clear that there was ample evidence to justify the judgment with respect to the mortgage transaction without considering the plaintiff's testimony of transactions with and statements of the deceased.
As to the bank account, it was in the names of Tessie or Martin Bremus, "payable to either or survivor." The funds came from the earnings of the plaintiff. The court *Page 439 
below held this to be a joint tenancy, and entered judgment in favor of plaintiff for $880.90 upon the theory that when Mrs. Bremus withdrew the balance in the joint account, she converted the money in the account to her own use thereby destroying the unities of interest and possession and becoming a tenant in common of the money as to her half interest therein and a trustee for the plaintiff as to his half interest. Citing Goc v. Goc,134 N.J. Eq. 61 (E. A. 1943). The proofs in the present case do not support the theory upon which the court below entered judgment for $880.90. A bank officer testified that the balance of $1,767.91 was withdrawn by Tessie Bremus on October 29, 1945. Beyond that there is no evidence as to what happened to the fund. In Steinmetz v. Steinmetz, 130 N.J. Eq. 176 (Ch. 1941) andGoc v. Goc, supra, there was evidence in each instance that a new account was immediately opened in a form which was demonstrative of a derogation of the right to possession of the one suing to recover and therefore was a conversion. That fact distinguishes the cited cases from the one under consideration.
The judgment in favor of Martin Bremus in the sum of $880.90 is reversed and in other particulars affirmed. *Page 440