33 N.J. Super. 404 (1954)
110 A.2d 560
STEFAN CZIGER, PLAINTIFF-APPELLANT,
v.
MAURICE M. BERNSTEIN, EXECUTOR OF THE ESTATE OF JOHN CZIGER AND KAROLINA CZIGER, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 29, 1954.
Decided December 29, 1954.
*406 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. James A. McTague argued the cause for plaintiff-appellant (Mr. John T. Keefe, of counsel).
Mr. Stephen V.R. Strong argued the cause for defendants-respondents (Messrs. Strong & Strong and Maurice M. Bernstein, attorneys).
The opinion of the court was delivered by CLAPP, S.J.A.D.
This is a litigation over two savings and loan accounts standing in the names of John Cziger, now deceased, and his second wife, as joint tenants with right of survivorship. The trial court held she was entitled to the accounts by virtue of a gift inter vivos. Plaintiff, the son of decedent's first marriage and the sole beneficiary under his will, appeals.
The purpose of N.J.S.A. 17:12A-49, dealing with joint accounts in savings and loan associations, is, as declared in the statute in express terms, to protect the associations and not to regulate the rights inter sese of those concerned in the accounts. Cf. Whelan v. Conroy, 126 N.J. Eq. 607 (Ch. 1940). Hence this statute, unlike certain statutes now superseded, In re Perrone's Estate, 5 N.J. 514, 527 (1950), does not raise even a rebuttable presumption of a gift. Cf. the 1954 statutes, N.J.S.A. 17:9A-216 to 17:9A-218, 46:37-1 and 46:37-2.
*407 The issues before us turn then upon the common law. Under the common law of New Jersey the inquiry is simply this, was there a gift inter vivos. That inquiry calls for a determination whether here there has been made out the significant elements of a gift, namely, donative intention, delivery and relinquishment of dominion.
First as to the matter of intention. Apart from any statute, where an account, such as this, stands in the names of an alleged donor and another person as joint tenants with right of survivorship, a presumption arises that the donor intended to make a present gift to the other person. Rush v. Rush, 138 N.J. Eq. 611, 615 (E. & A. 1946); Stiles v. Newschwander, 140 N.J. Eq. 591, 594 (E. & A. 1947); Farris v. Farris Engineering Corp., 7 N.J. 487, 502 (1951).
That presumption not only is not rebutted, but on the contrary is very substantially buttressed by the proofs. At the time decedent had Mrs. Cziger sign the signature cards, he showed her the passbooks and said to her, the money "is in both our names. It belongs to us"; "the survivor is going to get it."
It may be noticed, too, that the money constituted a part of the proceeds received from a tavern in which they worked together during nearly all the 21 years of their married life and which was sold when illness forced them to retire. Indeed, although the tavern business belonged solely to the decedent, the property on which it stood belonged to them both as tenants by the entireties. An additional $6,000 of these proceeds was paid in the form of a bond and mortgage expressly made in their favor "jointly."
There are other proofs demonstrating an intention on the part of Cziger to give to his wife a present interest in the savings and loan accounts, but the point is so sufficiently made out that we find it unnecessary to deal further with it.
That takes us to the remaining points  delivery and relinquishment of dominion. Here the passbooks, when issued, were placed by the alleged donor in the hands of his wife for her to read, and then put in the dining room table drawer to which she had the key. They remained there *408 about a month. We need not stop to consider whether this control by her for a month will, without more, make out the gift. Cf. Metropolitan Life Ins. Co. v. Woolf, 136 N.J. Eq. 588, 593 (Ch. 1945), affirmed 138 N.J. Eq. 450, 452 (E. & A. 1946); Matthews v. Hoagland, 48 N.J. Eq. 455, 485 (Ch. 1891); Corle v. Monkhouse, 50 N.J. Eq. 537, 546 (Ch. 1892); Parker v. Copland, 70 N.J. Eq. 685 (E. & A. 1906). For the remaining circumstances do not, in our view, stand in the way of a like conclusion.
After the books had been in the drawer a month, the decedent, in the interests of safety, proposed to put them in a safe deposit box in his name. To this his wife assented; and for the next six months until his death, they were kept in that box along with other valuable papers, hers as well as his, including not only five policies on her own life, but also the above-mentioned bond and mortgage held by them "jointly," and other things.
As above indicated, the parties here exhibited an intention to establish a joint tenancy  that is, an estate in which each of the tenants takes during their joint lives an undivided moiety in the joint account. Goc v. Goc, 134 N.J. Eq. 61 (E. & A. 1943). To make out a gift of such an estate, there must be a delivery and surrender of dominion commensurate with the nature and quantum of the interest transferred. Rush v. Rush, 138 N.J. Eq. 611, 615 (E. & A. 1946), supra; Farris v. Farris Engineering Corp., 7 N.J. 487, 501 (1951), supra.
So it follows  in a case such as this, where there is a passbook without which withdrawals cannot be made  that an exclusion of the donee from the possession of the book would hardly be compatible with a gift to her of a present interest as joint tenant. Cf. Hudson City Savings Bank v. Havemeyer, 139 N.J. Eq. 435, 437 (E. & A. 1947); Bianchi v. Bedell, 2 N.J. Super. 236, 239 (Ch. Div. 1949). On the other hand, it may be asked whether a delivery of the book to the donee, so as to put it exclusively in her possession, is evidentiary of an intent on the donor's part to retain a like interest in the account.
*409 We conclude, therefore, that the matters of delivery and surrender of dominion have been made out by the circumstances here. The passbook was brought into the possession of, at any event, both the donor and the donee for a month, and thereafter, for safekeeping, turned over to one of them with the consent of the other. East Rutherford Building & Loan Ass'n v. McKenzie, 87 N.J. Eq. 375, 379 (E. & A. 1917); Commercial Trust Co. v. White, 99 N.J. Eq. 119, 128 (Ch. 1926), affirmed 100 N.J. Eq. 561 (E. & A. 1927); cf. Farris v. Farris Engineering Corp., 7 N.J. 487, 500 (1951), supra, stating that a symbolical delivery suffices.
There is considerable law in other jurisdictions in accord with the views herein stated as to the matter of delivery. Illinois Trust & Savings Bank v. Van Vlack, 310 Ill. 185, 141 N.E. 546, 548 (Sup. Ct. 1923); Newton v. Newton, 221 Ind. 306, 47 N.E.2d 614 (Sup. Ct. 1943); Ogle v. Barker, 224 Ind. 489, 68 N.E.2d 550, 556 (Sup. Ct. 1946); Castle v. Wightman, 303 Mass. 74, 20 N.E.2d 436 (Sup. Jud. Ct. 1939); Battles v. Millbury Savings Bank, 250 Mass. 180, 145 N.E. 55, 56 (Sup. Jud. Ct. 1924); Beach v. Holland, 172 Ore. 396, 142 P.2d 990, 994, 149 A.L.R. 866 (Sup. Ct. 1943); In re Fells' Estate, 369 Pa. 597, 87 A.2d 310, 312, 313 (Sup. Ct. 1952); Marston v. Industrial Trust Co., 107 A. 88 (R.I. Sup. Ct. 1919); see Kennedy v. Kennedy, 169 Cal. 287, 146 P. 647 (Sup. Ct. 1915); Sage v. Flueck, 132 Ohio St. 377, 7 N.E.2d 802 (Sup. Ct. 1937); 4 Corbin, Contracts 645-665 (1951); Note, The Poor Man's Will, 53 Col. Law Rev. 103, 108 (1953). Cf. Kepner, 6 Rutgers Law Rev. 221, 228 (1951). Whether delivery and surrender of dominion are made out by proofs merely showing that the donor holds the passbook for them both, we need not say.
We find here a gift inter vivos.
Affirmed.